353 So.2d 670 (1978)
STATE of Florida, Appellant,
v.
Tajuana Iona GIBSON, Appellee.
No. 77-995.
District Court of Appeal of Florida, Second District.
January 6, 1978.
*671 James A. Gardner, State's Atty., and Thomas M. Fitzgibbons, Asst. State's Atty., Sarasota, for appellant.
Jack O. Johnson, Public Defender, and David S. Bergdoll, Asst. Public Defender, Bartow, for appellee.
PER CURIAM.
The defendant in this case entered a plea of nolo contendere to a charge of aggravated battery by use of a firearm. After hearing from the victim of the battery who said that the defendant was justified under the circumstances in shooting him, the court withheld adjudication of guilt and placed defendant on probation for one year. The state then pursued an appeal in this court.
We first note that the state cannot appeal the order of the trial court under Section 924.07, Florida Statutes (1975). State v. Wilcox, 351 So.2d 89 (Fla.2d DCA 1977). However, we choose to treat the state's appeal as a petition for certiorari, and we grant certiorari because we believe that the trial court departed from the essential requirements of the law.
The crime with which the state charged appellant is one of those covered by the mandatory sentencing statute, Section 775.087(2), Florida Statutes (1975). Under this section a trial court may not withhold adjudication or suspend sentence and must sentence a defendant to a term of at least three years in prison. Therefore, we must vacate the order of the trial court and remand the case to the trial court for further proceedings consistent with this opinion. However, nothing we have said here should be construed as preventing the trial court from allowing the defendant to withdraw her plea.
HOBSON, A.C.J., and GRIMES and RYDER, JJ., concur.