378 So.2d 1240 (1979)
STATE of Florida, Appellant,
v.
Victor SEGURA et al., Appellees.
Nos. 79-827, 79-828.
District Court of Appeal of Florida, Second District.
December 5, 1979.
Rehearing Denied January 17, 1980.
*1241 Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellant.
Mark King Leban and Stephen J. Bronis, Miami, for appellees.
SCHEB, Judge.
The state appeals an order dismissing for vagueness a conspiracy count in an amended information filed against appellees/defendants and an order granting their motion in limine. We reverse.
The amended information alleged that the several appellees:
[d]id agree, combine, conspire or confederate with one another to commit the felony offense of possession with intent to sell or deliver over 100 pounds of a controlled substance, to wit: cannabis, commonly known as marijuana, in that Victor Segura, Joige Gonzalez and Juan Rojas were the occupants of one boat and Jorge Hernandez and Juan Aguiar Otano were the occupants of a second boat, both boats being located in Pasco County's coastal waters during the early morning hours of June 2, 1978, and both boats being heavily laden with cannabis, commonly known as marijuana, at the time they were so located; and further, the said boats were observed acting in concert on June 1, 1978, both boats entering then exiting Staley's Hudson Marina in Pasco County, Florida, and taking on fuel for both of said boats at said marina, and during said operation one of the said boats was under the control of Roland Rojas; and further, Roland Rojas did purchase two navigational charts for the Pasco County, Florida, area on June 1, 1978 in furtherance of said agreement, combination, conspiracy or confederation, which charts were found in the early morning hours of 2 June 1978 aboard the boat occupied by Victor Segura, Joige Gonzalez and Juan Rojas when said boat was heavily laden with marijuana and which charts contained the fingerprints of Roland Rojas, Juan Otano, Juan Rojas and Joige Gonzalez... .
The state contends that the trial court misapplied State v. Smith, 240 So.2d 807 (Fla. 1970), and State v. Burkett, 344 So.2d 868 (Fla.2d DCA 1977), in dismissing this information for vagueness pursuant to Florida Rule of Criminal Procedure 3.140(o). In order to withstand a motion to dismiss for vagueness:
[a]n indictment or information for conspiracy must contain a statement of the facts relied on as constituting the offense in ordinary and concise language, with as much certainty as the nature of the case will admit, in such a manner as to enable a person of common understanding to know what is intended, and with such precision that the accused may plead his acquittal or conviction to a separate indictment *1242 or information based on the same facts.
240 So.2d at 809.
Appellees argue that the information fails to meet the Smith test because it does not state the facts with sufficient certainty and precision so that an individual defendant could successfully defend a separate charge based on the same facts. Specifically, appellees contend that it is impossible to determine whether Segura (an occupant of the first boat) is charged with conspiring to possess the cannabis found aboard the vessel occupied by Otano and Hernandez, or whether Hernandez is charged with conspiring to possess cannabis found aboard the first boat, and that the same uncertainty applies to each defendant.
Appellees argue that these defects are the same that were found to be fatal in Goldberg v. State, 351 So.2d 332 (Fla. 1977), where the indictment charged three county commissioners and the husband of one of the commissioners with conspiring to accept bribes. The court held that the charge was flawed in that it did not clearly state whether all defendants jointly conspired with both of the persons who allegedly offered bribes, and did not clearly state whether these persons offered bribes jointly or individually. Under this "alternative pleading," it was unclear who the participants in the conspiracy were. Further, the indictment did not clearly set out the exact unlawful object and nature of the alleged conspiracy. See also Battle v. State, 365 So.2d 1035 (Fla.3d DCA 1979); State v. Giardino, 363 So.2d 201 (Fla.3d DCA 1978).
We agree with the state. Applying the principles in Smith and Goldberg to this case, we conclude that the conspiracy charge was not vague. The information makes it clear that all appellees conspired with one another to possess all of the cannabis found on both boats. It does not contain alternative pleading. Further, it tells the appellees what cannabis they conspired to possess, and when, where and with whom they conspired to possess it. Thus, appellees run no risk of being misled in the preparation of their defense. The information also is sufficiently clear to prevent them from being tried a second time for possessing the cannabis found aboard the two boats. Accordingly, the trial court erred in dismissing the conspiracy information.
Consistent with our determination of the above point, we reverse the order granting appellees' motion in limine which had the effect of excluding any testimony concerning cannabis found aboard the first boat from the trial of the appellees on the second boat, and likewise, of excluding testimony concerning cannabis found on the second boat from the trial of those appellees aboard the first boat. Thus, the motion in limine was in effect a motion to suppress and subject to our review on appeal. Fla.R.App.P. 9.140(c)(1)(B).
The order reflects that the trial judge granted the motion in limine for purposes of consistency with the orders dismissing the conspiracy information and severing for trial the appellees found in each of the two boats. In view of our decision, the trial judge may choose to reconsider the severance order.
REVERSED and REMANDED for further proceedings consistent with this decision.
GRIMES, C.J., and DANAHY, J., concur.