475 So.2d 1215 (1985)
Clyde McPHADDER, Petitioner,
v.
STATE of Florida, Respondent.
No. 65724.
Supreme Court of Florida.
August 29, 1985.
Rehearing Denied October 18, 1985.
*1216 Michael E. Allen, Public Defender, and Michael J. Minerva, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984), because of direct and express conflict with State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The issue before us is whether the state may appeal a nonfinal pretrial order striking statements made by an informant on electronic recordings on the ground that the informant was not available to testify and the statements were hearsay. The district court below held that an appeal was permitted under the provisions of rule 9.140(c)(1)(B), Florida Rule of Appellate Procedure, permitting an appeal of a pretrial order suppressing confessions, admissions, or evidence obtained by search and seizure. The court recognized conflict with Steinbrecher where it was held that review was not permitted as of right and could be performed only by way of a petition for writ of certiorari.
The rule provides, in pertinent part, that the state may appeal an order suppressing before trial confessions, admissions, or evidence obtained by search and seizure. The district court reasoned that "[a]lthough the question on appeal is not one involving a search and seizure issue, the evidence which was the subject of the order appealed was `obtained by search and seizure' and was suppressed before trial." McPhadder, 452 So.2d at 1018. We do not agree that the evidence was obtained by search and seizure. The evidence at issue consisted of statements made by an informant on electronic recorded tapes which were suppressed because the informant was unavailable and could not be called at trial. We see no search and seizure issue. The decision of the district court is quashed and the case remanded for proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.