PER CURIAM.
We have for review State v. C.C., 449 So.2d 280 (Fla. 3d DCA 1983). The district court consolidated four appeals brought by the state from adverse judgments or orders of juvenile courts and, on motions of the several juveniles, dismissed the state’s appeals. The order of dismissal acknowledged conflict with State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), review denied, 419 So.2d 1201 (Fla.1982). Moreover, on petition for rehearing en bane, the district court, sitting en banc, reconsidered the case, adhered to the panel decision, and certified that its decision passed upon a question of great public importance. We have jurisdiction, article V, section 3(b)(3), (4), Florida Constitution, and we approve State v. C.C.
The cases brought by the state to the district court of appeal originated in juvenile court. The cases were in various postures when the state sought appellate review of actions of the juvenile courts:
(1) Respondent C.C. was charged with juvenile delinquency in two counts based on the alleged commission of burglary while armed and grand larceny. On motion of the juvenile, the court suppressed certain of his statements to police. Then, upon the representation of the state that it could not proceed to an adjudicatory hearing without the statements as evidence, the court dismissed the delinquency charges.
(2) Respondent E.V. was charged with delinquency by virtue of having committed the offense of battery. During an initial adjudicatory hearing the juvenile judge declared a mistrial and recused himself. At the beginning of a second adjudicatory hearing before another judge, the juvenile moved to dismiss the charges on the ground that to proceed to trial would constitute double jeopardy. The court granted the motion to dismiss.
(3) Respondent C.A.Q. was charged with delinquency by unlawful possession of a controlled substance. The accused juvenile moved to suppress the physical evidence on the ground that it was obtained by means *145 of an illegal search. The juvenile court granted the motion.
(4)Respondents A.M.E. and S.E. were charged with delinquency in that they allegedly obstructed a law enforcement officer in the performance of his legal duty in violation of section 843.02, Florida Statutes (1981). The juveniles moved to dismiss on the ground that the petition for delinquency failed to allege all essential elements of the offense. At the hearing on the motion defense counsel argued that it was necessary to allege that the officer was trying to arrest the accused at the time of the alleged resistance. Counsel for the state correctly pointed out that there is no such requirement in section 843.02. The court then asked counsel for the state to proffer the facts which the state’s evidence would show. On the ground that the facts proffered, even if shown by evidence, would not constitute a violation of section 843.02, the court dismissed the petition for delinquency-
The state appealed these adverse orders separately and the district court of appeal, on motions of the juvenile appellees, dismissed the appeals by means of a consolidated order. The court explained its decision as follows:
The state’s right to appeal is purely statutory. Whidden v. State, 159 Fla. 691, 32 So.2d 577 (1947); State v. Brown, 330 So.2d 535 (Fla. 1st DCA 1976). Because the Florida Juvenile Justice Act, Chapter 39, Florida Statutes (1981) contains no provision authorizing an appeal by the state, we grant appellees’ motions to dismiss. We expressly disagree with the decision of the Fifth District Court of Appeal in State v. W.A.M., 412 So.2d 49 (Fla. 5th DCA), review denied, 419 So.2d 1201 (Fla.1982) insofar as it finds a constitutional right of appeal in the state. Furthermore, in our view, Article V, section 4(b)(1) of the Constitution of the State of Florida [footnote omitted] permits interlocutory review only in cases in which appeal may be taken as a matter of right.
449 So.2d at 280. The en banc court on rehearing adhered to this decision but certified the question of “[w]hether the state has the authority to file plenary or interlocutory appeals in juvenile cases.”
The state argues first that article V, section 4(b)(1) confers upon it the right to appeal any adverse final order of a circuit court, including orders and judgments in juvenile cases. We have given searching consideration to this argument and, for the reasons expressed in the companion case of State v. Creighton, 469 So.2d 735 (Fla.1985), have found it lacking in legal merit.
The state also argues that it may appeal the orders in question pursuant to the statutes providing for appellate review in criminal eases! Sections 924.07 and 924.071, Florida Statutes (1981), provide as follows:
924.07 Appeal by state — The state may appeal from:
(1) An order dismissing an indictment or information or any count thereof;
(2) An order granting a new trial;
(3) An order arresting judgment;
(4) A ruling on a question of law when the defendant is convicted and appeals from the judgment;
(5) The sentence, on the ground that it is illegal;
(6) A judgment discharging a prisoner on habeas corpus;
(7) An order adjudicating a defendant insane under the Florida Rules of Criminal Procedure; or
(8) All other pretrial orders, except that it may not take more than one appeal under this subsection in any case. Such appeal shall embody all assignments of error in each pretrial order that the state seeks to have reviewed. The state shall pay all costs of such appeal except for the defendant’s attorney’s fee.
924.071 Additional grounds for appeal by the state; time for taking; stay of cause.— -,
(1) The state may appeal from a pretrial order dismissing a search warrant, suppressing evidence obtained by search and seizure, or suppressing a confession *146 or admission made by a defendant. The appeal must be taken before the trial.
(2) An appeal by the state from a pretrial order shall stay the case against each defendant upon whose application the order was made until the appeal is determined. If the trial court determines that the evidence, confession, or admission that is the subject of the order would materially assist the state in proving its case against another defendant and that the prosecuting attorney intends to use it for that purpose, the court shall stay the case of that defendant until the appeal is determined. A defendant in custody whose case is stayed either automatically or by order of the court shall be released on his own recognizance pending the appeal if he is charged with a bailable offense.
These sections apply to criminal cases and not juvenile cases. While juvenile delinquency matters are criminal in nature, they are separate proceedings and are controlled by chapter 39, Florida Statutes. The purposes of the Florida Juvenile Justice Act are set out in subsection 39.001(2) and include, among other things, a substitution for retributive punishment methods of offender rehabilitation. The procedures call for expeditious handling of charges and claims. While counsel is afforded juveniles, a right of trial by jury is not. Section 39.14 gives “any child, and any parent or legal custodian of any child, affected by an order of the court” a right of an appeal. Because chapter 924 gives a defendant a right of appeal, section 39.14 would not be necessary to give a juvenile defendant a right of appeal if chapter 924 applied to juvenile proceedings. The legislature has exhibited no intent to have chapter 924 apply to juvenile proceedings.
We further agree with the district court that article V, section 4(b)(1) of the state constitution permits interlocutory review only in cases in which an appeal may be taken as a matter of right.
We approve the decision of the district court of appeal.
It is so ordered.
ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion with which ALDERMAN, J., concurs.
EHRLICH, J., dissents.