PER CURIAM.
We treat the state’s notice of appeal as a petition for writ of certiorari from a trial court pretrial order holding that a minor witness was incompetent to testify at trial and grant the petition. See Kaelin v. State, 410 So.2d 1355 (Fla. 4th DCA 1982). We concur in the trial court’s determination that a statement made by the minor witness to her grandmother would not be admissible at trial. The circumstances of this case are unlike those of Jackson v. State, 419 So.2d 394 (Fla. 4th DCA 1982).
Our ruling should not be construed to preclude the trial court from exercising its authority to make a de novo determination of the competency of the witness to testify when the witness is actually called to testify at trial. We merely hold that on the record as it existed at the time of the pretrial hearing the court’s finding was unsupported by competent substantial evidence. The fact that the minor witness had an erratic record of responding at times to some questions while being unresponsive at other times is not, in our view, a basis to adjudge her not competent to be called as a witness at trial.
ANSTEAD, DELL and WALDEN, JJ., concur.