477 So.2d 566 (1985)
Hollis JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 64042.
Supreme Court of Florida.
October 17, 1985.
Richard L. Jorandby, Public Defender and Gary Caldwell, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Joan Fowler Rossin, Asst. Atty. Gen., West Palm Beach, for respondent.
McDONALD, Justice.
We have for review State v. Jones, 433 So.2d 564 (Fla. 4th DCA 1983). By expressly stating that the state's unavailable appeal would be treated and allowed to be considered as a petition for writ of certiorari, the district court created conflict with State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and we quash Jones.
The state sought to appeal the dismissal of probation violation charges against Jones, which dismissal had been predicated on Jones' claims of double jeopardy, res judicata, and collateral estoppel. The district court treated the appeal as a petition for certiorari and reversed the trial court's order.[*] In State v. G.P., on the other hand, the district court held that certiorari review of circuit court judgments extends only to judgments rendered by the circuit courts in their appellate capacity. The question we have to answer, therefore, is whether an appellate court can afford review to the state by way of certiorari when the state has no statutory or other cognizable right to appeal the judgment sought to be reviewed.
We have recently considered that issue. In State v. C.C., 476 So.2d 144 (Fla. 1985), we held that article V, section 4(b)(1) of the state constitution permits interlocutory review only in cases in which an appeal may be taken as a matter of right. Moreover, we approved State v. G.P. and held that no right of review by certiorari exists if no right of appeal exists. State v. G.P., 476 So.2d 1272 (Fla. 1985). The district court erred in the instant case, therefore, in reviewing by certiorari a case it could not review by appeal. We quash Jones and direct that the petition for writ of certiorari be dismissed.
It is so ordered.
ADKINS, OVERTON, EHRLICH and SHAW, JJ., concur.
BOYD, C.J., concurs specially with an opinion.
BOYD, Chief Justice, concurring specially.
I concur in the holding of the Court that the district court of appeal erred in treating *567 the state's appeal as a petition for certiorari and granting appellate review by means of the common-law writ. As I understand the Court's opinion, it correctly holds that certiorari is not properly issued as an alternate means of granting appellate review when an appeal is not provided for by general law. I write this separate opinion to caution against a possible erroneous interpretation of the Court's decision: it could be read as holding that when there is no appeal available, certiorari is never available. I simply do not believe that by its recent decision in State v. G.P., 476 So.2d 1272 (Fla. 1985), this Court intended to overturn many decades of well-established common-law doctrine on the subject of the writ of certiorari.
The principal issue presented by this case is whether a district court of appeal, when it finds that a party seeking to appeal a circuit court judgment or order is not entitled to appeal the judgment or order in question, may simply treat the appeal as a petition for certiorari and, in its discretion, provide appellate review of the judgment or order by means of the writ of certiorari. By its decisions in State v. G.P. and in the present case, this Court correctly answers that question in the negative. But it would be an erroneous misinterpretation of the Court's holding to conclude that when there is no entitlement to an appeal, certiorari is ipso facto not available as a remedy. To the contrary, the lack of an available remedy by appeal is one of the prerequisites to the issuance of the common-law writ of certiorari. The absence of a right to appeal does not preclude resort to certiorari; in fact it is one of the required elements making the aggrieved litigant eligible to seek issuance of the writ.
We accepted jurisdiction of this case primarily because the district court of appeal implicitly acknowledged conflict with the decision of the Third District Court of Appeal in State v. G.P., 429 So.2d 786 (Fla. 3d DCA 1983), which was also brought here for review. In State v. G.P., the Third District, after finding that the state had no right of appeal, held that a district court may not entertain a petition for certiorari to review circuit court judgments rendered in trial court cases but can only provide certiorari review of judgments of circuit courts sitting in their appellate capacity. On review here, this Court approved the holding of the district court that certiorari review was not proper, but did not provide much reasoning or discussion. My understanding of this Court's G.P. decision is that the district court's holding was approved but not necessarily its reasoning. Certiorari review was not available to the state in that case, not because the order of which review was sought was rendered in a trial-court rather than appellate capacity, but because the common-law prerequisites to the issuance of the writ were not satisfied. Without getting into that matter, this Court in G.P. simply approved the district court's denial of resort to the writ under the circumstances of the case.[*]
With regard to the issue as seen by the district court in G.P., it should be noted that there are many examples of cases in which the Supreme Court, prior to July 1, 1957, and the district courts of appeal from that date to the present, exercised discretionary jurisdiction by common-law certiorari to review orders and judgments of circuit courts sitting as trial courts. E.g., Brooks v. Owens, 97 So.2d 693 (Fla. 1957); Flash Bonded Storage v. Ades, 152 Fla. 482, 12 So.2d 164 (1943); Kilgore v. Bird, 149 Fla. 520, 6 So.2d 541 (1942); State v. rel. Bludworth v. Kapner, 394 So.2d 541 (Fla. 4th DCA 1981); State v. Farmer, 384 So.2d 311 (Fla. 5th DCA 1980); State v. Gibson, 353 So.2d 670 (Fla. 2d DCA 1978); State v. Wilcox, 351 So.2d 89 (Fla. 2d DCA 1977); State ex rel. Wainwright v. Booth, *568 291 So.2d 74 (Fla. 2d DCA 1974); State v. Coyle, 181 So.2d 671 (Fla. 2d DCA 1966); Boucher v. Pure Oil Co., 101 So.2d 408 (Fla. 1st DCA 1957). Moreover, numerous other cases in which the writ was denied show that certiorari jurisdiction existed, in that the denials were based on the lack of proper criteria for certiorari and not on the lack of certiorari power. E.g., Basnet v. City of Jacksonville, 18 Fla. 523 (1882); State v. Williams, 237 So.2d 69 (Fla. 2d DCA 1970); Marlowe v. Ferreira, 211 So.2d 228 (Fla. 2d DCA 1968); Gulf Cities Gas Corp. v. Cihak, 201 So.2d 250 (Fla. 2d DCA 1967).
The majority opinion characterizes this Court's decision in State v. G.P. as having held "that no right of review by certiorari exists if no right of appeal exists." This is correct to the extent that it is understood to say that when appellate review is not available, certiorari review may not be made into a substitute therefor, providing an alternate means by which to obtain appellate review. Moreover, certiorari review is never a matter of right. But it should be kept in mind that the common-law writ of certiorari is within the jurisdiction of the district courts of appeal and issuable in the appellate court's discretion under certain circumstances when there is no right of appeal. Indeed, as I have already said, the lack of availability of an appeal or other remedy is one of the prerequisites to the issuance of the writ. It is only when there is no other adequate remedy available that the question of seeking or providing certiorari review arises. If the aggrieved litigant is entitled to appellate review of the judgment or order in question, he has no need for review by certiorari.
The district court of appeal in G.P. sought to place limitations on the use of common-law certiorari out of concern that it could be used to circumvent the law and provide appellate review not authorized by the legislature. As I have already stated, the district court there and this Court on review are correct in holding that certiorari is not properly used as a method of providing unauthorized appellate review. But certiorari is part of jurisdiction of the district courts of appeal, conferred by the Florida Constitution and developed through many decades of the common-law case decision process.
It is important to understand the differences in nature, purpose, and scope between review by appeal and review by certiorari. The right of a litigant to have an appellate court provide appellate review of a lower court decision is a matter controlled by general law. In the absence of conferral by general law, there is no right to an appeal. State v. Creighton, 469 So.2d 735 (Fla. 1985). Where there is a statutory entitlement to an appeal, such appeal is a "matter of right" which the appropriate appellate court must honor if the litigant invokes the right properly under the applicable rules of procedure. Thus, appellate review is not discretionary. The common-law certiorari jurisdiction of the district courts of appeal, on the other hand, is entirely discretionary. Under no circumstances is the aggrieved litigant entitled to certiorari review.
Furthermore, certiorari provides a much more limited kind of review than appellate review. Common-law certiorari does not lie to determine whether there was error in the judgment of the lower court. The scope of the writ is limited to a determination of
whether the Judge exceeded his jurisdiction in hearing the case at all, or adopted any method unknown to the law or essentially irregular in his proceeding... . A decision made according to the form of law and the rules prescribed for rendering it, although it may be erroneous in its conclusion as to what the law is as applied to the facts, is not an illegal or irregular act or proceeding remediable by certiorari.

Basnet v. City of Jacksonville, 18 Fla. at 526-27. The Court there added that certiorari cannot be made to "serve the purpose of an appellate proceeding in the nature of a writ of error with a bill of exceptions." Id. at 527.
*569 In Brinson v. Tharin, 99 Fla. 696, 127 So. 313 (1930), the Court pointed out that on common-law certiorari, the review of the record was
not for the purpose of determining whether the evidence was of sufficient probative force to sustain the verdict, nor to reconcile conflicting testimony, but to ascertain if a palpable abuse of the power to determine the controverted facts was disclosed... .
... .
A judgment void for lack of jurisdiction or a proceeding characterized by a kind of tyranny in the failure to observe essential requirements should be subject to correction at the discretion of the court vested with the power to issue the writ.
Id. at 701-03, 127 So. at 316 (emphasis supplied).
The common-law writ of certiorari may be exercised only to quash a lower-court judgment or order rendered without or in excess of jurisdiction or which constitutes a departure from the essential requirements of law when there is no other sufficient remedy (such as an appeal) available to the aggrieved litigant. See, e.g., Dresner v. City of Tallahassee, 164 So.2d 208 (Fla. 1964); State v. Andres, 148 Fla. 742, 5 So.2d 7 (1941); Cacciatore v. State, 147 Fla. 758, 3 So.2d 584 (1941); Mutual Benefit Health & Accident Association v. Bunting, 133 Fla. 646, 183 So. 321 (1938); American Railway Express v. Weatherford, 84 Fla. 264, 93 So. 740 (1922); Benton v. State, 74 Fla. 30, 76 So. 341 (1917); Jacksonville, Tampa, & Key West Railway v. Boy, 34 Fla. 389, 16 So. 290 (1894).
It is important to distinguish the concept of a "departure from the essential requirements of law" from the concept of legal error. On a petition for the common-law writ of certiorari, the legal correctness of the judgment of which review is sought is immaterial. The required "departure from the essential requirements of law" means something far beyond legal error. It means an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice. The writ of certiorari properly issues to correct essential illegality but not legal error.
I concur in the holding of the Court that the district court erred in using certiorari as a means of providing appellate review after determining that the state was not entitled to appeal. Under the circumstances of the case, certiorari was no more available than appeal. It is clear that the district court granted certiorari not because it found a departure from the essential requirements of law but because it perceived ordinary legal error. Thus the district court erred.
I concur in the Court's decision but would amplify it with the foregoing explanation.
NOTES
[*] The question of whether the district court correctly found no appeal available to the state is not before us.
[*] Similarly, this Court's statement in State v. C.C., 476 So.2d 144 (Fla. 1985), regarding interlocutory appellate review and referred to in the majority opinion in the present case, does not appear to have a direct bearing on this case. Appellate review, whether interlocutory or on final judgment, is a matter of right when provided by law. Certiorari review, whether interlocutory or on final judgment, is discretionary and depends upon the existence of the common-law requirements.