495 So.2d 1170 (1986)
STATE of Florida, Petitioner,
v.
Rickie Lee PALMORE, Respondent.
No. 66170.
Supreme Court of Florida.
May 1, 1986.
Rehearing Denied November 5, 1986.
Jim Smith, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., Miami, for petitioner.
Jeffrey Samek of Samek & Besser, Miami, for respondent.
EHRLICH, Justice.
The decision before us, although brief, State v. Palmore, 469 So.2d 136 (Fla. 3d DCA 1984), expressly relied on State v. C.C., 449 So.2d 280 (Fla. 3d DCA 1983), then pending before this Court based both on conflict with other decisions and certification of a question of great public importance. We have jurisdiction. Art. V, §§ 3(b)(3), (4), Fla. Const.
In State v. C.C., 476 So.2d 144 (Fla. 1985), we resolved the question of whether the state could appeal from adverse judgments or orders of juvenile courts when the state has no statutory right to such appeal. We held that absent a statutory right to appeal, the state was unable to appeal such orders. In State v. G.P., 476 So.2d 1272 (Fla. 1985), we concluded that when the state had no statutory right of appeal from a suppression order in a juvenile case, it could not win review of such order by a petition for a writ of certiorari. In Jones v. State, 477 So.2d 566 (Fla. 1985), we extended the rationale of C.C. and G.P. to adult criminal proceedings, crystalizing the general rule that an appellate court cannot afford review to the state by way of certiorari when the state has no statutory or other cognizable right to appeal the judgment sought to be reviewed.
In the instant decision below, the Third District dismissed the state's appeal on authority of its decision in C.C., and denied certiorari review for failure of the state to comply with the requirements of the decision in State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982). The state was seeking review of a pretrial court order, designated a "Suppression Order," barring the state from entering into evidence a sworn statement during its case in chief signed by the defendant. The state contends that the sworn statement, which had accompanied a motion to dismiss by the defendant, contained admissions which could be introduced against the defendant at trial.
Apparently, the Third District does not consider an interlocutory order on a motion in limine to constitute a "suppression order." In Steinbrecher, the district court narrowly interpreted Florida Rule of Appellate Procedure 9.140(c)(1)(B) (the state may appeal an order "[s]uppressing before trial confessions, admissions or evidence obtained by search and seizure... ."). In that case, a pretrial ruling excluded a tape recording based on the intelligibility and audibility of the tape, a basis for suppression which the Steinbrecher court did not feel fell within the purview of rule 9.140(c)(1)(B). We find it difficult to fathom why the suppression order in Steinbrecher *1171 did not fall within the rule, and can only speculate that perhaps the district court felt that the phrase "obtained by search and seizure" modified all three elements of the rule, i.e. confessions, admissions, and evidence. We find that at least two other district courts have not so narrowly interpreted the rule. State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984) (suppression orders reviewable under rule 9.140(c)(1)(B)), reversed on other grounds, 475 So.2d 1215 (Fla. 1985); State v. Segura, 378 So.2d 1240 (Fla.2d DCA 1979). In Segura, the Second District held that a "motion in limine was in effect a motion to suppress and subject to our review on appeal." Id. at 1242 (citing to rule 9.140(c)(1)(B)). The suppression order in this case, as in Segura, arose from a motion in limine made by the defendant in a pretrial hearing.
We agree with the reasoning in McPhadder and Segura and hold that the state has a statutory right to appeal in a case such as this. Art. V, § 4(b)(1), Fla. Const. (providing for district court jurisdiction over interlocutory orders "to the extent provided by rules adopted by the supreme court."); Fla.R.App.P. 9.140(c)(1)(B).
Accordingly, we quash the decision of the district court and remand for further proceedings consistent with this opinion.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD, SHAW and BARKETT, JJ., concur.