496 So.2d 120 (1986)
John McINTOSH, Petitioner,
v.
STATE of Florida, Respondent.
No. 67819.
Supreme Court of Florida.
August 21, 1986.
Rehearing Denied November 14, 1986.
Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for petitioner.
Jim Smith, Atty. Gen. and Robert S. Jaegers, Asst. Atty. Gen., West Palm Beach, for respondent.
BARKETT, Justice.
We have for review State v. McIntosh, 475 So.2d 973 (Fla. 4th DCA 1985), which directly and expressly conflicts with this Court's decisions in Jones v. State, 477 So.2d 566 (Fla. 1985), and State v. C.C., 476 So.2d 144 (Fla. 1985). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
The trial court entered a pretrial order holding that a minor witness was incompetent to testify against McIntosh which the state appealed. The district court determined that the state had no direct right of appeal, treated the appeal as a petition for certiorari, and overturned the order.
McIntosh contends that because the district court found that the state had no right *121 to directly appeal the pretrial order,[*] it was without authority to afford review by way of certiorari. We agree.
In C.C., 476 So.2d at 146, we held that the state is entitled to interlocutory review only in those cases where an appeal may be taken as a matter of right. In State v. G.P., 476 So.2d 1272 (Fla. 1985), we held that no right of review by certiorari exists in the absence of a right of appeal. See also Jones, 477 So.2d at 566 (appellate court cannot afford review to the state by way of certiorari when the state has no statutory or other cognizable right to appeal the judgment sought to be reviewed).
Accordingly, we quash the decision below on the authority of C.C., G.P., and Jones.
It is so ordered.
McDONALD, C.J., and ADKINS, BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.
NOTES
[*] Whether the district court's determination in this regard is correct is not before us.