DAUKSCH, Judge.
This is an appeal from a writ of prohibition granted by the circuit court directed to a county judge.
The county judge ordered the state in a criminal case to answer certain interrogatories propounded by the defendant regarding certain discovery sought by the defendant. The county judge relied upon Florida Rule of Criminal Procedure 3.220(a)(5) as authority for requiring the interrogatories to be answered. This rule states:
Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to defense counsel as justice may require.
This is an interesting proposition and one which begs to be treated here. However, we are without authority, under existing case law, to render a substantial decision.
Pursuant to Article V, Sections 6(b) and 20(c)(4), Florida Constitution and Sections 34.01(l)(a) and 900.03(1), Florida Statutes (1983), the county court is vested with original jurisdiction in all misdemeanor cases not cognizable by the circuit court. Such jurisdiction includes jurisdiction over the parties as well as over the subject matter. The county court was therefore within its jurisdiction to enter the discovery order. Although the county court may have erred in the exercise of jurisdiction, it did not exceed or usurp jurisdiction over matters not within its jurisdiction.
In an attempt to reach the merits of this cause, we have considered giving effect to Florida Rule of Appellate Procedure 9.040(c) which would permit treating the petition by the state in the circuit court as a petition for writ of certiorari, or even an appeal. But we are unable to do so. In McIntosh v. State, 496 So.2d 120 (Fla.1986), the supreme court recently held in no uncer *1230 tain terms that the state cannot obtain cer-tiorari in cases where it has no specific right of appeal. The court said: “ ... because the district court found that the state had no right to directly appeal the pretrial order, it was without authority to afford review by way of certiorari.” Id. Since the state is not authorized to appeal discovery orders by rule or otherwise, the application of this appellate rule does not present a viable alternative.
Because we find the trial court was within its jurisdiction to enter the discovery order, we must conclude that the circuit court erred in issuing its writ of prohibition. Accordingly, the writ is quashed.
WRIT QUASHED.
UPCHURCH, C.J., and ORFINGER, J., concur.