ON PETITION FOR WRIT OF CERTIORARI
COBB, Judge.
This is before us on a petition by the state for writ of certiorari seeking to quash an order granting a motion in limine. It is clear from McIntosh v. State, 496 So.2d 120 (Fla.1986), and Jones v. State, 477 So.2d 566 (Fla.1985), that the Florida Supreme Court has abolished certiorari as a remedy available to the state in regard to pretrial orders in criminal cases. These cases overturned many decades of well-established common law doctrine.[1] See Jones, supra, Boyd, C.J., concurring. See also State v. Smith, 260 So.2d 489 (Fla. 1972).
Nevertheless, the state may appeal a pretrial order granting a defense motion in limine, if it is an order “[s]up-pressing before trial confessions, admissions or evidence obtained by search and seizure.” Fla.R.App.P. 9.140(c)(1)(B); State v. Palmore, 495 So.2d 1170 (Fla.1986) (corrected opinion). The caption of the motion giving rise to the order is not determinative of its appealability. In the instant case, the challenged order suppressed evidence (a telephone communication between a husband in jail and his wife outside) which was obtained by the state via electronic search and seizure. Therefore, it was an appealable order.
*1275 Contrary to Judge Sharp’s special concurrence, McPhadder v. State, 475 So.2d 1215 (Fla.1985), is not in point.[2] The supreme court’s holding in McPhadder was an obvious factual one — that recorded statements voluntarily made by an informant were not obtained by search and seizure. Thus, the court quashed the decision of the district court which had permitted an appeal pursuant to the rule. Moreover, in its recent Palmore decision, the supreme court expressly approved the district court’s reasoning in State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984), wherein the district court found that an order suppressing evidence obtained by search and seizure was appealable under Rule 9.140(c)(1)(B), even though the question on appeal did not involve a search and seizure issue. Therefore, the fact that the instant order was predicated on privilege rather than a fourth amendment issue does not preclude its appealability.
Although the instant suppression order clearly was appealable, pursuant to Palmore and the unambiguous language of Rule 9.140(c)(1)(B), the state failed to initiate that appeal within fifteen days. See Fla.R.App.P. 9.140(c)(2). Accordingly, we treat the petition as an untimely appeal of a pretrial order and dismiss it.
DAUKSCH J., concurs.
SHARP, J., concurs specially with opinion.

. This court recently followed that doctrine in State v. Edwards, 490 So.2d 235 (Fla. 5th DCA 1986), which is in direct conflict with McIntosh and Jones.

. The United States Supreme Court cases cited in Judge Sharp’s footnote 3 relating to a prisoner's expectations of privacy in his cell are irrelevant to electronic interceptions of messages to a person outside of prison — to say nothing of the expectations of the other party on the outside, in this case the respondent Donna Katiba. Moreover, Lanza v. State, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962), which dealt with the bugging of a face-to-face conversation between a prisoner and a visitor, expressly termed that bugging a search and seizure, albeit a reasonable one under those facts. Wells v. State, 402 So.2d 402 (Fla.1981), also cited by her concurrence, is inapplicable here, since it deals with the unrelated issue of searches of prison visitors.