SHARP, Judge,
concurring specially.
The petition by the state for a writ of certiorari should be denied because the order appealed from is a non-appealable order under rule 9.140(c)(1)(B) and review cannot be obtained via certiorari proceedings.[1] By declaring the order untimely, and thus ap-pealable if it were not so, the majority is in conflict with McPhadder v. State, 475 So.2d 1215 (Fla.1985).
The issue in McPhadder, as well as this case, is the proper interpretation of rule 9.140(c)(1)(B), which determines whether or not this non-final order is appealable by the state. It provides:
... The State may appeal an order: (B) Suppressing before trial confessions, admissions, or evidence obtained by search and seizure; ...
In this case, the suppression order was entered in response to a motion in limine, and it barred the state from using as evidence at trial the tape of a telephone conversation between the co-defendants (appel-lees). It makes no difference under rule 9.140(c)(1)(B) whether the order follows a motion to suppress or a motion in limine. State v. Palmore, 495 So.2d 1170 (Fla.1986) (corrected opinion).
Rule 9.140(c)(1)(B) is subject to two possible interpretations. First, suppression orders are appealable when the evidence is obtained by any method which potentially involves a violation, of a person’s fourth amendment rights, regardless of whether or not the issue was raised below, or whether the suppression order was premised on search and seizure grounds. That in essence is one possible reading of Pal-more, although there are insufficient facts stated in the district court’s opinion or the supreme court’s opinion to be certain of its holding.
The only clue to this is the supreme court’s disapproval of State v. Steinbrecher, 409 So.2d 510 (Fla. 3rd DCA 1982) in Palmore. In Steinbrecher, the lower court excluded a taped conversation because it was inaudible and unintelligible, *1276 and the Third District Court said it was not appealable under rule 9.140(c)(1)(B), because there were no fourth amendment issues involved in the suppression order. However, my reading of Palmore indicates the court disapproved of the Third District Court’s ruling on appealing from motions in limine as opposed to suppression orders, and that it did not reach the issue involved in this ease.
In McPhadder, the supreme court held that to make the order suppressing evidence appealable, a search and seizure issue must be raised and involved. On appeal was the trial court’s order striking statements made by an informant on an electronic recording taped during a purported drug transaction in which the defendant was present. The state sought to offer the tapes rather than calling the informant as a witness because of her unavailability, and the trial court denied admission on evidentiary grounds. The First District Court reasoned “although the question on appeal is not one involving a search and seizure issue, the evidence which was the subject of the order appealed was obtained by search and seizure.” McPhadder, 452 So.2d 1017, 1018 (Fla. 1st DCA 1984).
The Florida Supreme Court disagreed with the First District Court on that very ground. It held the order not appealable because the suppression order did not turn on a search and seizure issue:
We do not agree that the evidence was obtained by search and seizure.[2] The evidence at issue consisted of statements made by an informant on electronic recorded tapes which were suppressed because the informant was unavailable and could not be called at trial. We see no search and seizure issue. (Footnote added).
McPhadder at 1216.
I respectfully disagree with the majority’s view that McPhadder is not in point with this case. I find it indistinguishable. Here, the state obtained evidence by intercepting and recording telephone conversations between the two married appellees, while the husband, Robert Katiba, was incarcerated. The conversations revealed a plan between the husband and wife to commit murder and to transport marijuana into the prison. The tapes were suppressed by the trial court on the sole ground of inter-spousal immunity. § 90.504, Fla.Stat. (1985).
Whether or not search and seizure issues can or may be raised in this case regarding these tapes, is purely theoretical, as in McPhadder. The unreasonableness of the search and seizure was not the basis for the court’s order suppressing the evidence in this case.
My point is not that there are no constitutional protections against unreasonable search and seizure in the context of a prison. There well may be. However, in some cases there may not be.[3] One’s reasonable expectation of privacy in prison is considerably less than in one’s home.[4]
To give reality to the fourth amendment protection against unreasonable search and seizure, there must be a person with standing to assert a violation of that right, and an assertion by that person. “Search and seizure” does not occur in the abstract, without a person to whom the right belongs asserting the right. In this case, we *1277 simply do not know whether either of the defendants could claim a violation of their fourth amendment rights. They failed to assert it, and the trial court did not rule upon it. I therefore disagree that the evidence suppressed in this case was “obtained by search and seizure.”
Relying upon McPhadder, we should deny certiorari, and certify as a question of great public importance[5] the proper interpretation of rule 9.140(c)(1)(B):
DOES THE STATE HAVE THE RIGHT TO APPEAL PURSUANT TO RULE 9.140(C)(1)(B), A TRIAL COURT’S ORDER WHICH SUPPRESSES THE TAPE RECORDED EVIDENCE OF A TELEPHONE CONVERSATION BETWEEN CO-DEFENDANTS, WHEN THE SUPPRESSION ORDER IS NOT BASED ON SEARCH AND SEIZURE ISSUES, ALTHOUGH THEY POSSIBLY COULD HAVE BEEN RAISED TO BAR USE OF THE EVIDENCE?
I am frankly in sympathy with the state and the majority opinion in this case. A broad scope of review for the state under rule 9.140 is vital since appeal under the rule (and not certiorari) is now the exclusive method for the state to obtain review of pretrial adverse rulings. A defendant who is convicted may always appeal adverse evidentiary rulings against him or her. But the state who loses a case because key evidence is barred has no such remedy. However, in view of McPhadder, the proper forum to resolve the interpretation of rule 9.140(c)(1)(B) is the Florida Supreme Court.

. State v. C.C., 476 So.2d 144 (Fla.1985): State v. G.P., 476 So.2d 1272 (Fla.1985): Jones v. State, 477 So.2d 566 (Fla.1985).

.Generally, a warrantless electronic interception of conversation by an informant acting under color of law is not proscribed by the fourth amendment since an individual has no legitimate expectation that the person to whom he is speaking will not relate the conversation to the authorities by repetition or by recording of the conversation (e.g. see United States v. Haimowitz, 725 F.2d 1561 (11th Cir.Fla.), cert. denied, 469 U.S. 1072, 105 S.Ct. 563, 83 L.Ed.2d 504 (1984).

. The United States Supreme Court has held that a prisoner ‘has no reasonable expectation of privacy with respect to his room or cell and that therefore the Fourth Amendment provides no protection for such a person.” Bell v. Wolfish, 441 U.S. 520, 556-557, 99 S.Ct. 1861, 1883, 60 L.Ed.2d 447 (1979); see Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); Lanza v. State of New York, 370 U.S. 139, 82 S.Ct. 1218, 8 L.Ed.2d 384 (1962); see also Wells v. State, 402 So.2d 402 (Fla.1981).

. Hudson, 468 U.S. at 522, 104 S.Ct. at 3198.

. Fla.R.App.P. 9.030(a)(2)(A)(v).