508 So.2d 1247 (1987)
The STATE of Florida, Appellant,
v.
Arturo J. ARRIAGADA, Appellee.
No. 85-1037.
District Court of Appeal of Florida, Third District.
January 27, 1987.
Robert A. Butterworth, Atty. Gen., and Calianne P. Lantz, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, for appellee.
Before BARKDULL, BASKIN and JORGENSON, JJ.

ON MOTION TO DISMISS
JORGENSON, Judge.
The trial court issued a pretrial order suppressing certain identification testimony on the basis that the procedures employed tainted the identification. The state seeks review of that order; we regretfully decline to grant review.
Section 924.07, Florida Statutes (1983), provides that the state may appeal from certain types of orders. It also provides a general provision which allows the state to appeal "[a]ll other pretrial orders, except that it may not take more than one appeal under this subsection in any case... ." § 924.07(8), Fla. Stat. (1983). This provision of the Florida Statutes has been in effect since January, 1971. The Florida supreme court has chosen to implement this statute by way of Florida Rule of Appellate Procedure 9.140(c). This rule allows the state to appeal pretrial orders only in limited situations. For instance, Florida Rule of Appellate Procedure 9.140(c)(1)(B) allows the state to appeal when the trial court "[s]uppress[es] before trial confessions, admissions or evidence obtained by search and seizure." However, no rule has been implemented which covers the instant case, or many other similar situations, where the trial court suppresses evidence not obtained by search or seizure.
In State v. Smith, 260 So.2d 489 (Fla. 1972), the supreme court held that the legislature does not have the authority to decide when an appeal can be taken from interlocutory orders. See Art. V, § 4(b)(1), Fla. Const. Only the Florida supreme court has the authority to decide which orders are appealable, and, absent a rule implementing the legislature's expression of policy, the state has no right of appeal. Id.; Smith, 260 So.2d at 490-91. The court concluded, however, that certiorari is a proper method for the state to obtain review of an interlocutory order not directly appealable by rule. Smith, 260 So.2d at 491. As far as we know, Smith has not been overruled. See dissenting view in *1248 State v. Thayer, 489 So.2d 782, 783-84 (Fla. 4th DCA 1986) ("if the Supreme Court had intended to foreclose common law certiorari review to the state in cases where an interlocutory order of the trial court departs from the essential requirements of the law and the state has no other avenue of review, it would have explicitly receded from State v. Smith...."). But see State v. Palmore, 495 So.2d 1170 (Fla. 1986); Jones v. State, 477 So.2d 566 (Fla. 1985); State v. C.C., 476 So.2d 144 (Fla. 1985); State v. G.P., 476 So.2d 1272 (Fla. 1985); Adams v. State, 495 So.2d 1229 (Fla. 5th DCA 1986), which seem to indicate to the contrary.
In response to this court's order to show cause why the appeal should not be dismissed, the State of Florida concedes that the trial court's order suppressing the identification does not fall into any of the categories enumerated in Florida Rule of Appellate Procedure 9.140(c) and urges this court to treat the moving papers as a petition for certiorari, as was done in Smith. We must decline to grant the relief requested upon the recent authority of McIntosh v. State, 496 So.2d 120 (Fla. 1986). In McIntosh, the trial court ruled that a minor witness was incompetent to testify against the defendant, and suppressed the witness's testimony. On the authority of C.C., G.P., and Jones, the supreme court held that the district court could not review the pretrial order by way of certiorari if the state had no right of direct appeal. Like the present case, McIntosh did not suppress evidence obtained by search and seizure.
In State v. Wilson, 483 So.2d 23 (Fla. 2d DCA 1985), the second district certified the following question as being of great public importance:
WHETHER THE HOLDINGS IN JONES v. STATE, [477 So.2d 566 (Fla. 1985)]; STATE v. G.P., [476 So.2d 1272 (Fla. 1985)]; AND STATE v. C.C., [476 So.2d 144 (Fla. 1985)], PRECLUDE THE STATE FROM SEEKING COMMON LAW CERTIORARI REVIEW OF NONAPPEALABLE INTERLOCUTORY ORDERS IN CRIMINAL CASES.
The court held that it did have jurisdiction to hear the state's petition. Substantially the same question was certified by the fourth district in Thayer, but the court denied certiorari on the basis of Jones. In light of the supreme court's most recent pronouncement in McIntosh, we reach a result contrary to that reached by our sister court in Wilson. However, we agree with both the second and fourth districts that the question presented is one of great public importance.
We can see no reason why the state is afforded review when the trial court suppresses evidence obtained by search and seizure, but is denied review when the trial court suppresses or limits other kinds of evidence. All orders made in response to a motion to suppress or a motion in limine have the power to harm, or even destroy, the state's case against the defendant. See State v. Segura, 378 So.2d 1240, 1242 (Fla. 2d DCA 1979) (motion in limine was, in effect, a motion to suppress). This inconsistency in the review process was formerly rectified by treating the state's interlocutory appeal as a petition for certiorari. Smith, 260 So.2d at 491. In light of recent cases, this appears to be no longer possible.
We would agree with the dissent except for McIntosh, which is the supreme court's latest pronouncement on the issue. Accordingly, we certify the above-stated question and acknowledge direct conflict with Wilson.
Certiorari denied.
BASKIN, Judge (dissenting).
This matter is before the court on the state's motion for rehearing following our dismissal of the state's appeal. The majority opinion denying state review is premised upon a conclusion that the trial court's suppression order did not pertain to evidence obtained by search and seizure.
Florida Rule of Appellate Procedure 9.140(c)(1)(B) permits the state to appeal orders "[s]uppressing before trial confessions, admissions or evidence obtained by search and seizure... ." While prior opinions of this court emphasized the importance of the "search and seizure" portion of the rule, the supreme court, in State v. Palmore, 495 So.2d 1170 (Fla. 1986), set the record straight. The supreme court instructed *1249 us that the state has a right to appeal a suppression order on a motion in limine and that district courts should apply a broad interpretation of the appellate rule in accordance with the reasoning employed in State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984), rev'd on other grounds, 475 So.2d 1215 (Fla. 1985), and State v. Segura, 378 So.2d 1240 (Fla. 2d DCA 1979).
The order before us suppresses a witness's identification which, if obtained by search and seizure and suppressed before trial, is properly the subject of an appeal by the state under the reasoning of McPhadder and Segura, expressly approved in Palmore. McPhadder dealt with statements made by an informant on electronic recordings taped while appellee was allegedly present during purported drug transactions. The McPhadder court reasoned: "[a]lthough the question on appeal is not one involving a search and seizure issue, the evidence which was the subject of the order appealed was `obtained by search and seizure' and was suppressed before trial." 452 So.2d at 1018. In Segura, the court concluded that "the motion in limine was in effect a motion to suppress" subject to review on appeal under the rule. 378 So.2d at 1242. Applying the Palmore holding to the case before us, I conclude that the state may appeal a trial court's pre-trial order suppressing a witness's identification. Accordingly, I would grant rehearing, vacate our order of June 5, 1986, and reinstate the state's appeal.