PER CURIAM.
The state appeals the trial court’s order granting a motion to disclose the identity of the state’s confidential informant. The state makes a rather compelling argument that since it will not be necessary for it to refer to the informant in its presentation of its case and because the informant is not alleged to have been an active participant, the state’s privilege of nondisclosure should have been respected by the trial court. Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); State v. White, 418 So.2d 411 (Fla. 2d DCA 1982); Treverrow v. State, 194 So.2d 250 (Fla.1967); Fla.R.Crim.P. 3.220(c)(2). Nevertheless, we find no basis by statute or under Florida Rule of Appellate Procedure 9.140(c) which permits the state to appeal the trial court’s order, and we no longer have jurisdiction to grant certiorari. McIntosh v. State, 496 So.2d 120 (Fla.1986); Jones v. State, 477 So.2d 566 (Fla.1985).
Appeal dismissed.
DANAHY, C.J., and SCHEB and SCHOONOVER, JJ., concur.