PER CURIAM.
At issue in this workers’ compensation case is whether a video must be produced by Claimant, Carlos Medina, who seeks review by certiorari of an order compelling him to turn over a video he commissioned to be made of an independent medical examination (IME) by the E/C’s IME doctor. The E/C believed that Claimant’s counsel was using the video to cross-examine the IME doctor at deposition, which was not completed and has been continued. Resumption of the deposition has been delayed by a protective order and is contingent on resolution of Medina’s certiorari petition in this Court.
In support of the disclosure order, the JCC made three terse findings of fact: “1. The video was at the E/C IME. 2. Video used by claimant to direct/cross examine IME. 3. Deposition to be used at trial.” These findings imply that the video consti *63 tutes work product and that Medina waived his work product privilege by intending to use the video at trial. We agree that the video constitutes work product, but not that Claimant waived the privilege.
The video constitutes work product because it “was made in anticipation of litigation or for trial”; more specifically, the only evidence here is that it was ordered by Claimant’s counsel to ensure that the E/C’s IME was administered fairly and properly. See McGarrah v. Bayfront Med. Ctr., Inc., 889 So.2d 923, 924, 926 (Fla. 2d DCA 2004) (holding that, in tort, videotape of compulsory medical examination (CME) constitutes work product because it “was prepared pursuant to the instructions of McGarrah’s counsel and not as an objective recording of the CME” and was intended to “ensur[e] the CME was administered fairly and properly”); see also S. Bell Tel. & Tel. Co. v. Deason, 632 So.2d 1377, 1384 (Fla. 1994) (holding that work product privilege protects “materials prepared in anticipation of litigation by or for a party or its representative”).
It is premature, however, to conclude that Medina has waived the privilege. The work product privilege evaporates once the party claiming the privilege elects to use the material at trial. See Northup v. Acken, 865 So.2d 1267, 1271 (Fla. 2004) (“We conclude and specifically announce today that all materials reasonably expected or intended to be used at trial, including documents intended solely for witness impeachment, are ... not protected by the work product privilege.”). But Medina’s counsel avers in her reply that Medina has not listed the video as evidence yet, and the questions in the deposition that are allegedly based on the video do not indisputably rely on the video or necessarily require its use at trial (for impeachment or otherwise). Medina may choose to use the video for impeachment; if so, the video loses its work product status.
Because the work product privilege was not waived, disclosure of the video would cause irreparable harm. See Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla. 1995) (holding discovery of information protected by privilege “ ‘may reasonably cause material injury of an irreparable nature’ ” (quoting Martin-Johnson v. Savage, 509 So.2d 1097, 1100 (Fla. 1987))). Because the ruling is premature, the order departs from the essential requirements of law. See Haines City Cmty. Dev. v. Heggs, 658 So.2d 523, 527 (Fla. 1995) (“The required ‘departure from the essential requirements of law means ... an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice.” (quoting Jones v. State, 477 So.2d 566, 569 (Fla. 1985))).
The petition is GRANTED and the order on review QUASHED.
WETHERELL, MAKAR, and KELSEY, JJ., CONCUR.