# Third District Court of Appeal

## State of Florida

Opinion filed June 8, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-606
Lower Tribunal No. 12-38811
_____

**Joseph T. Buset,**
Appellant,

vs.

**HSBC Bank USA, National Association, etc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Jacobs Legal, PLLC, and Bruce Jacobs, for appellant.

Greenberg Traurig, P.A., and Kimberly S. Mello and Arda Goker (Orlando), for appellee.

Before EMAS,* LOGUE and LOBREE, JJ.

_____

* Judge Emas did not serve on the original panel that issued the opinion in this case.

<u>On Motion to Certify Conflict, Request for Written Opinion, Motion for Rehearing, and/or Motion for Rehearing En Banc</u>

PER CURIAM.

Upon consideration of the motion of appellant, Joseph T. Buset, filed on April 14, 2022, by Bruce Jacobs, Esq., entitled Motion to Certify Conflict, Request for Written Opinion, Motion for Rehearing, and/or Motion for Rehearing En Banc ("Mr. Jacobs' Motion"), and the response thereto, the motion is denied.

## ORDER TO SHOW CAUSE

Further, this court on its own motion and pursuant to Florida Rule of Appellate Procedure 9.410(a), finds there is a reasonable basis to conclude that Mr. Jacobs' Motion is frivolous, in bad faith, and/or violates the Rules of Appellate Procedure and the Rules Regulating the Florida Bar in the following manner:

1. Mr. Jacobs violated Florida Rule of Appellate Procedure 9.330(a)(2)(A), which provides: "A motion for rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its order or decision. The motion shall not present issues not previously raised in the proceeding." <u>See also</u> <u>Azran Miami 2, LLC v. US Bank Tr., N.A.</u>, No. 3D20-1712, 47 Fla. L. Weekly D279, D279 (Fla. 3d DCA Jan. 26, 2022) (citing <u>Sherwood v. State</u>, 111 So.

2

2d 96 (Fla. 3d DCA 1959); Ayala v. Gonzalez, 984 So. 2d 523, 526 (Fla. 5th DCA 2008)); Bank of New York Mellon v. Bontoux, No. 3D21-1869, 47 Fla. L. Weekly D653, D654 (Fla. 3d DCA Mar. 16, 2022).

2. Mr. Jacobs takes one or more frivolous positions, or makes one or more arguments in bad faith, in violation of Florida Rule of Appellate Procedure 9.410(a) (providing that court "may impose sanctions for any violation of these rules, or for the filing of any proceeding, motion, brief, or other document that is frivolous or in bad faith").

3. The court notes that Mr. Jacobs' Motion was filed after the issuance of orders in unrelated cases directing Mr. Jacobs to show cause why he should not be subjected to sanctions including, but not limited to, the issuance of a reprimand and the imposition of attorney's fees for similarly, improperly impugning the integrity of this court, opposing counsel, and the Florida Bar in Carrington Mortgage Services, LLC v. Nicholas, Nos. 3D21-1300, 3D21-1304, 3D21-1311, and 3D21-1320 (Jan. 11, 2022), Azran Miami 2, LLC, and Bontoux.

4. Nonetheless, Mr. Jacobs again recklessly impugns and disparages the judges of this court and certain judges of the circuit court, in filing his motion containing, among others, the following statements:

3

[a.] This Court Has a Pattern of Violating the Judicial Canons By Refusing to Disqualify Itself When it is Obvious the Court is Not Fair or Impartial[.]

Mr. Jacobs' Motion at 16.

[b.] It is self-evident that the right to a meaningful hearing is denied when the Court refuses to recuse itself, refuses to follow the law, knowingly deprives homeowners of their property without due process, and then attempts to disbar the lawyer for exercising his first amendment right to expose corruption in the courts. This is not North Korea, Cuba, Russia or some third world country. This is a major city in the United States of America.

Mr. Jacobs' Motion at 17.

[c.] The Judges of the Third DCA should be removed from Mr. Jacobs['] cases and disbarred for violating the judicial canons, abusing their judicial powers, and knowingly depriving people of their constitutional rights.

It is self-evident this Court will never rule in favor of a homeowner no matter what level of unclean hands the defendant can establish. This Court has dishonestly affirmed or dismissed appeals raising systemic tax evasion, fraud, perjury, forgery, racketeering, destruction of evidence, backdating records, and defiance of court orders.

Mr. Jacobs' Motion at 24.

[d.] The Court's lack of integrity is so obvious that no one following [Mr. Jacobs'] 100+ appeals would ever believe there is "no objective reason" to question the impartiality of the court. Yet, the judges on this court cover for each other as they corruptly abuse their powers to hold Buset's counsel in contempt.

Mr. Jacobs' Motion at 24-25.

[e.] Buset's counsel has uncovered more evidence of judicial corruption involving [a judge of this court, two named circuit judges], and the rest of the Third DCA.

4

Mr. Jacobs' Motion at 25.

[f.] [A named circuit judge] has a pattern in all the cases Mr. Jacobs presents admissions of forgery, perjury or fraud. He refuses to set the motions for hearings for years, before eventually denying them summarily.

Mr. Jacobs' Motion at 25.

g. Mr. Jacobs' Motion states allegations regarding an unrelated case, also unrelated to the issues in the motion, where a former trial judge who is now a member of this court issued a sanctions order, then allegedly refused to start contempt proceedings and imposed no sanctions as

a show to gain political leverage to secure [a] seat on the Third DCA. . . . It was a total dereliction of duty. . . . It was not long before [this judge] joined . . . dishonest brethren and began to abuse the "pca" to affirm cases with obvious fraud, just like this case.

Mr. Jacobs' Motion at 26-27.

h. Mr. Jacobs' Motion alleges that a judge of this court sat as an appellate judge on another unrelated case where she had denied relief as a trial judge and

adopted her own ruling. It is a clear violation of the judicial canons [for a judge to] rule on an appeal that the judge ruled on at the lower tribunal.

Mr. Jacobs' Motion at 27.

i. Based upon the allegations in paragraph h, the motion continues:

5

The rest of the Third DCA judges were obligated by the judicial canons to "take appropriate action" against [the judge referenced in paragraph h, supra] for violating her own canons. Instead, the Third DCA covered it all up. The docket is scrubbed clean of the judge's] name. The opinion apparently now has a different author. The order of disqualification was hidden in a different Third DCA case number that did not mention [the judge] by name. Even Westlaw shows [the judge] had nothing to do with affirming her own trial court decision.

Mr. Jacobs' Motion at 28.

j. The lack of integrity to give the powerful unchecked power cultivated by the Third DCA is spilling over into areas that have nothing to do with foreclosure.

Mr. Jacobs' Motion at 31.

k. Mr. Jacobs' Motion contains multiple pages discussing pending show cause proceedings identified in paragraph 3, supra, which are not related to the decision in this case or any basis to certify conflict, request a written opinion, or move for rehearing or rehearing en banc. Mr. Jacobs' Motion at 30-32.

l. Citing Florida Standards for Imposing Lawyer Sanctions 5.2, he then asserts:

[A] judge that knowingly uses their powers to benefit themselves, injure a party, or injure the integrity of the proceedings should be removed from the bench and disbarred. Respectfully, this Court has become so obviously corrupt that Mr. Jacobs has filed a formal complaint with the FBI. The Court is working in concert with Bank of America, JP Morgan Chase, and others to deprive homeowners of their property without due process under color of

6

law. This violates the Ku Klux Klan Act of 1871.[1] It violates federal and state law. It violates biblical law.

Mr. Jacobs' Motion at 32.

m. Mr. Jacobs' Motion concludes by alleging that this court's issuance of a citation per curiam affirmed opinion in this case constitutes "an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice."[2] Mr. Jacobs' Motion at 44.

5. As we have noted previously, such frivolous implications, made without basis, advancing no relevant position and serving no other apparent

---

[1] See 42 U.S.C. § 1983.

[2] As we noted in Azran Miami 2, LLC, 47 Fla. L. Weekly at D281 n.3:

> While Mr. Jacobs quoted language from Jones v. State, 477 So. 2d 566 (Fla. 1985), he takes it out of context and uses it in a misleading way and for a derogatory purpose. Jones had nothing to do with the characterization of a per curiam affirmed opinion. Instead, the quote is taken from a concurring opinion in Jones that addressed the requirements for common-law certiorari and further defined the phrase "departure from the essential requirements of the law" as meaning "something far beyond legal error. It means an inherent illegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with disregard of procedural requirements, resulting in a gross miscarriage of justice." Id. at 569 (Boyd, C.J., concurring). Mr. Jacobs seizes upon this description of common-law certiorari, ostensibly using it to justify his accusation that the very issuance of the citation opinion in the instant case constitutes "an abuse of judicial power" and "an act of judicial tyranny" resulting in a "miscarriage of justice."

purpose but to malign or impugn the integrity of a judge or judges, appear to violate Rule Regulating the Florida Bar 4-8.2(a). <u>See</u> <u>Azran Miami 2, LLC</u>, 47 Fla. L. Weekly at D281 n.8.

WHEREFORE, Bruce Jacobs, Esq., Florida Bar Number 116203, of Jacobs Legal, PLLC, is hereby ordered to show cause within twenty days from the date of this order why sanctions should not be imposed upon him for violation of the Rules of Appellate Procedure. As provided by Rule 9.410(a), such sanctions may include reprimand, contempt, striking of briefs or pleadings, dismissal of proceedings, costs, attorneys' fees, or other sanctions.