PER CURIAM.
The State petitions for certiorari and other extraordinary relief from an order of the trial court admitting respondent Ramos to bail upon appeal to this court from the judgment of conviction for felony drug offenses, entered on a negotiated plea of nolo contendere, reserving the right to appeal the denial of a motion to suppress. Apparently, a condition of the negotiated plea, approved by the court, was that Ramos would be admitted to bail on appeal upon a $300,000 bond. The court honored that apparent agreement, though the State contested its exact terms and urged denial of bail because the County Court of Dade County has determined there is probable cause to believe respondent Ramos is guilty of attempted first degree murder as charged in an information pending in the Circuit Court of the Eleventh Judicial Circuit. In these circumstances, respondent is not eligible for bail. Fla.R.Crim.P. 3.691(a) provides in part:
. in no case shall bail be granted if other felony charges are pending against [the defendant] and probable cause has been found that the person has committed the felony or felonies at the time the request for bail is made.
Ramos has prosecuted his appeal to this court in Case TT-66, filed December 15, 1979. The order admitting Ramos to bail, in these circumstances, is a departure from the essential requirements of law for which certiorari is an appropriate remedy when, as here, the normal appeal processes, Fla.R. App.P. 9.140(c)(1)(H), may not provide timely relief. See State v. Harris, 136 So.2d 633 (Fla.1962); State v. Williams, 227 So.2d 253 (Fla. 2d DCA 1969), cert. den., 237 So.2d 180 (Fla.1970). If Ramos considers the plea agreement vitiated by this decision, on appropriate motion in case TT-66 jurisdiction will be relinquished for consideration by the trial court of a motion to set aside the judgment and the plea. The petition for certiorari is GRANTED and the order admitting respondent Ramos to bail is QUASHED.
ROBERT P. SMITH, Jr., ERVIN and BOOTH, JJ., concur.