ORFINGER, Judge.
Appellant pleaded nolo contendere to a charge of armed robbery specifically reserving the right to appeal the denial of his motion to suppress physical evidence found as the result of an alleged illegal search, and the denial of his supplemental motion *463 to suppress an out-of-court identification which appellant says was the fruit of the illegal search. The trial court found that appellant had been illegally stopped, but that he had consented to the search, hence the search and the on-the-spot identification of appellant were lawful.
Only a dispositive motion may be reserved for appeal following a nolo plea. Brown v. State, 376 So.2d 382 (Fla.1979). Even if appellant is correct in his position that the physical evidence and the out of court identification should both have been suppressed in this case, this determination may not be dispositive because the defendant did not address nor did the trial court rule on the issue of an in-court identification of appellant by the robbery victims. See United States v. Crews, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980), where the United States Supreme Court held that an illegal arrest would not necessarily preclude an in-court identification of the accused by the victim because the victim’s independent recollection of the identity of the accused was arrived at when the crime was committed, which was prior in time to the illegal police activity and thus not its product.[1]
We therefore relinquish jurisdiction to the trial court for a period of sixty (60) days with directions to hold such hearings and to take such testimony as the trial court deems necessary and to determine by written order with appropriate findings, which shall then be certified to this court, whether the motion and supplemental motion to suppress are dispositive of the issues in this case.
DAUKSCH, C. J., and FRANK D. UP-CHURCH, Jr., J., concur.

. Cf. Roberts v. State, 390 So.2d 769 (Fla. 3d DCA 1980), where the court held that the suppression of the physical evidence, the out of court and the in-court identification would have left the State with no evidence, so the motion to suppress was dispositive.