402 So.2d 33 (1981)
The STATE of Florida, Petitioner,
v.
Abel PHILLIPE, Respondent.
District Court of Appeal of Florida, Third District.
July 28, 1981.
Rehearing Denied September 4, 1981.
Janet Reno, State Atty. and Arthur Joel Berger, Asst. State Atty., for petitioner.
*34 Bennett H. Brummer, Public Defender and Elliot H. Scherker, Asst. Public Defender, for respondent.
Before BARKDULL, HENDRY and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
This case is before us on the state's petition for Writ of Certiorari to review a decision of the Circuit Court of Dade County, Florida rendered in its appellate capacity. In the decision under review the Circuit Court held that the County Court erred in ruling that used "Breathalyzer" ampules and/or their contents are not salvageable for any subsequent, meaningful testing procedures which could produce relevant and material evidence to aid an accused in defending against charges based on results of the initial "Breathalyzer" test. We have jurisdiction. Art. V, Sec. 4(b)(3), Fla. Const. (1972); Fla.R.App.P. 9.030(b)(2)(B).
At a hearing on motions to compel production, to dismiss and to suppress, the trial court heard extensive expert testimony on the question of whether it is possible to later perform any scientific tests which might call into question the results of the initial "Breathalyzer" test, and rendered its order denying the motions. Respondent pled nolo contendere to a charge of driving with unlawful blood alcohol, reserving the right to appeal the denial of his motions. He was convicted and sentenced to temporary revocation of his driver's license and completion of DUI Countermeasures program. A timely appeal was taken to the Circuit Court, which resulted in a reversal of the trial court's ruling. The state has petitioned this court for a Writ of Certiorari to review the Circuit Court's decision.
It is our view based upon a careful examination of the briefs and the record that the trial court's conclusions are fully supported by the record testimony. In arriving at this view we have examined in particular the Circuit Court's statement of error set forth in its opinion:
[W]e find additional, uncontroverted evidence in the record establishing that other tests of value could be performed upon stored ampules, even if duplicative retests were impossible. Specifically, one expert testified without rebuttal that ampules could be examined to determine the amount of solution initially present, and that a significant discrepancy from the norm could produce inaccurate test results. In addition, the testimony was uncontroverted that the ampules could be examined to determine the existence of any optical defects.
However, our reading of the record confirms that there was indeed qualifying or conflicting testimony as to these specific points. We therefore hold that the trial court was justified in concluding that these tests either were not scientifically reliable or significant, or that the results were not otherwise material, probative, or valuable to the defense. Thus, the state's failure to produce the used ampule and/or its contents did not deprive defendant of his constitutional rights to due process and to confront evidence and witnesses against him.
Since we find that the trial court's order is adequately supported by the record, we likewise find that the decision of the Circuit Court goes beyond its proper appellate function and is an impermissible exercise in reweighing the testimony and substituting its judgment for that of the trial court. State v. Nova, 361 So.2d 411 (Fla. 1978); Roberts v. State, 390 So.2d 769 (Fla.3d DCA 1980); see also State v. Battleman, 374 So.2d 636 (Fla.3d DCA 1979); State v. Riocabo, 372 So.2d 126 (Fla.3d DCA), cert. dism., 378 So.2d 348 (Fla. 1979).
The Petition for Writ of Certiorari is granted, the order under review is quashed, and the order of the trial court is reinstated.