409 So.2d 510 (1982)
The STATE of Florida, Petitioner,
v.
Stanley STEINBRECHER, Respondent.
No. 81-727.
District Court of Appeal of Florida, Third District.
February 9, 1982.
Jim Smith, Atty. Gen. and Theda R. James, Asst. Atty. Gen., for petitioner.
Bernard A. Frank and Jack R. Nageley, Miami Beach, for respondent.
Before BASKIN and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
Petitioner State of Florida, seeks certiorari review of a pre-trial evidentiary ruling. The determinative issues before us are whether this court may review by certiorari a pre-trial order excluding evidence, and, if so, whether the requirements permitting review by petition for certiorari are present in this case.
Respondent Steinbrecher filed in the trial court a motion to exclude certain tape recordings of conversations. On March 27, 1981 the court entered its order granting defendant's motion to exclude a tape recording dated December 21, 1978 and denying the motion to exclude a tape recording dated December 19, 1978. The State filed a notice of appeal from the order of March 27, 1981. Because the pre-trial evidentiary ruling excluding the tape of December 21, 1978 was based on the intelligibility and audibility of the tape[1] and did not involve *511 issues of suppression of pre-trial confessions, admissions, or evidence obtained by search and seizure, this court treated the notice of appeal from that ruling as a petition for writ of certiorari. See Fla.R. App.P. 9.140(c)(1)(B); Fla.R.App.P. 9.030(b)(2)(A).
Respondent argues that there is no authority for certiorari review of a pre-trial ruling excluding evidence. We disagree. Rule 9.140(c) of the Florida Rules of Appellate Procedure does limit matters which may be appealed by the state before trial as of right. However, this limitation as to appeals is not a bar to this court's power of discretionary review. Art. V, § 4(b)(3) Fla. Const.; State v. Ramos, 378 So.2d 894 (Fla. 1st DCA 1979); State v. Williams, 227 So.2d 253 (Fla. 2d DCA 1969). See also Pressley v. Wainwright, 367 So.2d 222 (Fla. 1979), England, C.J. dissenting; State v. Harris, 136 So.2d 633 (Fla. 1962) (petition to supreme court). Fla.R.App. 9.140(c), Committee Notes, 1977 Revision, ("This rule has no effect on... the availability of extraordinary writs otherwise within the jurisdiction of the court to grant...").
We believe, therefore, that the correct interpretation of Florida law is that if the requirements permitting certiorari jurisdiction otherwise exist, a pre-trial order excluding evidence which has the effect of substantially impairing the ability of the state to prosecute its case is subject to certiorari review. We are mindful of a prior opinion in this case declining certiorari review of a pre-trial evidentiary ruling, State v. Steinbrecher, 393 So.2d 66 (Fla. 3d DCA 1981), and expressly recede from its holding. Cf. People v. Young, 82 Ill.2d 234, 45 Ill.Dec. 150, 412 N.E.2d 501 (Ill. 1980), setting forth the rationale for permitting appeal by the state of pre-trial evidentiary rulings that review of an erroneous pre-trial evidentiary ruling which the state certifies as crucial to its case is desirable in order to promote justice by ensuring proper application of the governing law and by protecting the ability of the trial court to determine the truth of the factual allegations involved.
Having determined that Florida Rule of Appellate Procedure 9.140(c) is no proscription on the power of this court to review by common-law certiorari pre-trial evidentiary rulings, we must now determine whether the facts of this case meet the requirements permitting such review.
Under Florida Rules of Appellate Procedure, the State cannot appeal an erroneous pre-trial evidentiary ruling which results in acquittal, and, therefore, cannot be said to have an adequate remedy at law. In addition, the order of March 27, 1981 departed from the essential requirements of law by refusing to admit into evidence the recording of December 21, 1978 which is audible and intelligible in relevant portions. Florida law provides that if reasonable persons could disagree whether the recorded statements are clear enough to be understood, the determination of the trial court will not be disturbed. See, e.g., State v. Phillipe, 402 So.2d 33 (Fla. 3d DCA 1981); Roberts v. State, 390 So.2d 769 (Fla. 3d DCA 1980) pet. for rev. dismissed, 402 So.2d 612 (Fla. 1981); State v. Battleman, 374 So.2d 636 (Fla. 3d DCA 1979). Cf. United States v. Llinas, 603 F.2d 506 (5th Cir.1979), cert. denied, 444 U.S. 1079, 100 S.Ct. 1030, 62 L.Ed.2d 762 (1980) (applying federal law that trustworthiness of tape recording is left to sound discretion of trial judge). Partial inaudibility or unintelligibility of portions of a recording, however, is not a ground for excluding a recording if the audible parts are relevant, authenticated, and otherwise properly admissible. Odom v. State, 403 So.2d 936 (Fla. 1981), citing Todisco v. United States, 298 F.2d 208 (9th Cir.1961), cert. denied, 368 U.S. 989, 82 S.Ct. 602, 7 L.Ed.2d 527 (1962); Monroe v. United States, 234 F.2d 49 (D.C. *512 Cir.1956), cert. denied, 352 U.S. 873, 77 S.Ct. 94, 1 L.Ed.2d 76 (1956); Brady v. State, 178 So.2d 121 (Fla. 2d DCA 1965); Gomien v. State, 172 So.2d 511 (Fla. 3d DCA 1965). Cf. United States v. Llinas, supra, (partially unintelligible tapes generally admissible). We have listened to the tapes and conclude that the brief recording of December 21st is quite audible and intelligible in relevant portions and should not have been excluded.
Certiorari is granted and that portion of the order under review which excludes from evidence the taped conversation of December 21, 1978 is quashed. The cause is remanded for further consistent proceedings.
NOTES
[1] The transcript of the proceedings reflects that the trial court found only two to ten minutes of the approximately hour-long tape of December 19, 1978 intelligible, but that there was not the same garbled situation as to the tape of December 21, 1978. On motion of the State, we relinquished jurisdiction to the trial court for the purpose of correcting the order to show that it was the tape of December 19th and not the tape of December 21st which had been determined inaudible by the trial court. On remand the trial court entered a supplemental order stating essentially that the order of March 27, 1981 "clearly reflects the intention and finding of the Court on defendant's motion to exclude tapes." The record has been supplemented to include the trial court's supplemental order.