SCHWARTZ, Chief Judge.
The state, purportedly invoking Florida Rule of Appellate Procedure 9.140(c)(1)(B), seeks appellate review of a pretrial order granting the defendant-appellee’s motion to decline to admit an alleged co-conspirator’s statements into evidence. The basis of the ruling below was that the co-conspirator, who was then a co-defendant, had been granted a directed verdict in his favor on the grounds of entrapment in an earlier trial, thus, it was reasoned, rendering it impossible for him to act as a member of the conspiracy. We do not reach the merits of this controversy because we have no jurisdiction to review it.
Specifically, we hold that the only provision of Rule 9.140(c)(1)(B) relied upon by the state, that which permits review by appeal of an order suppressing “confessions [or] admissions,” does not apply. In attempting the task of reconciling[1] the supreme court’s decisions in State v. Palmore, 495 So.2d 1170 (Fla.1986) and *908 McPhadder v. State, 475 So.2d 1215 (Fla.1985), and its specific disapproval in Pal-more of our holding in State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982), we conclude that an order is appealable as involving an admission[2] only if the statement is made — in whatever context — by the defendant himself, as in Palmore and Ste-inbrecher, but not when it is made vicariously through another party, even a co-perpetrator, as in McPhadder. See People v. Hobbs, 400 Ill. 143, 79 N.E.2d 202 (1948) (“admission” is adverse statement of defendant); Geer v. State, 92 Nev. 221, 548 P.2d 946 (1976) (same); State v. Lenarchick, 74 Wis.2d 425, 247 N.W.2d 80 (1976) (same).
Thus, notwithstanding that co-conspirators’ statements are characterized as a matter of the law of evidence as “admissions,” see § 90.803(18)(e), Fla.Stat. (1985), the order in question here is no more than a routine ruling concerning admissibility which could as well have been made during the trial itself — when it would have con-cededly been entirely unreviewable. The order may not therefore be considered such an admission as a matter of the law of appellate review. See also State v. Langer, 490 So.2d 1019 (Fla. 5th DCA 1986). In accordance with our repeated rulings that such orders may likewise not be considered on certiorari, State v. Arriagada, 508 So.2d 1247 (Fla. 3d DCA 1987); State v. Cecil, 508 So.2d 1249 (Fla. 3d DCA 1987), we dismiss the appeal. We certify to the supreme court that this cause involves the same question of great public importance framed in Amagada and Cecil.
Appeal dismissed, question certified.

. State v. Patmore, 495 So.2d 1170 (Fla.1986), refers to the First District decision in State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984), as being overruled on other grounds by McPhadder v. State, 475 So.2d 1215 (Fla.1985). Since it does not clearly appear what those other grounds may have been, we have made our own accommodation of the supreme court’s intent on the grounds which appear in this opinion.

. None of these cases even arguably involve a "confession" to the crime.