530 So.2d 924 (1988)
STATE of Florida, Petitioner,
v.
Cesaero BREA, Respondent.
No. 71735.
Supreme Court of Florida.
September 8, 1988.
*925 Robert A. Butterworth, Atty. Gen. and Charles M. Fahlbusch, Asst. Atty. Gen., Miami, for petitioner.
John H. Lipinski, Miami, for respondent.
EHRLICH, Chief Justice.
We have for review State v. Brea, 525 So.2d 907 (Fla. 3d DCA 1987), in which the district court certified the same question of great public importance framed in State v. Arriagada, 508 So.2d 1247 (Fla. 3d DCA 1987), quashed, 518 So.2d 918 (Fla. 1988), and State v. Cecil, 508 So.2d 1249 (Fla. 3d DCA 1987), quashed, 518 So.2d 919 (Fla. 1988).[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Brea was charged with trafficking in cocaine and conspiracy to traffic in cocaine, in violation of sections 893.03(2)(a) and 893.135, Florida Statutes (1985). Brea filed two pretrial motions which alleged that the acquittal of his co-defendant, Perez, meant that Perez was no longer a co-conspirator and the tape-recorded statements of Perez would no longer be admissible under the co-conspirator exception to the hearsay rule. See § 90.803(18)(e), Fla. Stat. (1985).[2] The trial court agreed that the co-conspirator exception to the hearsay rule no longer applied and granted Brea's motion to suppress the tape-recorded statements of Perez.
The state sought appellate review of the pretrial order. The district court declined to reach the merits, concluding it lacked jurisdiction to review the issue. The district court reasoned that the only provision of Florida Rules of Appellate Procedure relied upon by the state, rule 9.140(c)(1)(B), which permits review by appeal of an order suppressing confessions or admissions, applies only to an admission made by the defendant himself, not to one made vicariously through another party, even a co-perpetrator. The district court also held, in accordance with its prior decisions in Arriagada and Cecil, that the order could not be considered on certiorari. 525 So.2d at 908. The state now seeks review of the decision of the district court.
The state first argues it has the right to appeal an order suppressing before trial the admissions of a co-conspirator under rule 9.140(c)(1)(B), which provides that the state may appeal an order "[s]uppressing before trial confessions, admissions or evidence obtained by search and seizure." We agree. The term "admission" in the rule is not limited specifically to those admissions made by the defendant himself. The term also encompasses statements made by someone acting in concert with the defendant such as a co-conspirator.[3]
In concluding the state could not appeal, the district court relied on its reconciliation of McPhadder v. State, 475 So.2d 1215 (Fla. 1985), with State v. Palmore, 495 So.2d 1170 *926 (Fla. 1986), and the disapproval in Palmore of State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982). We disagree with the district court's analysis. In Palmore, the state sought review of a pretrial court order barring the state from entering into evidence during its case in chief a sworn statement signed by the defendant. The district court dismissed the state's appeal and denied certiorari review. We quashed the decision of the district court and held that the state has a statutory right to appeal in a case such as this, citing rule 9.140(c)(1)(B).
In Steinbrecher, a pretrial ruling excluded a tape recording based on the intelligibility and audibility of the tape. The district court felt this basis for suppression did not fall within the purview of rule 9.140(c)(1)(B). In Palmore, this Court noted that it found it "difficult to fathom why the suppression order in Steinbrecher did not fall within the rule, and can only speculate that perhaps the district court felt that the phrase `obtained by search and seizure' modified all three elements of the rule, i.e. confessions, admissions, and evidence." 495 So.2d at 1170-71 (emphasis in original).
In McPhadder, this Court was confronted with the issue of whether the state could appeal a nonfinal pretrial order striking statements made by an informant on electronic recordings on the ground that the informant was not available to testify and the statements were hearsay. The district court held that an appeal was permitted under the provisions of rule 9.140(c)(1)(B) because the evidence which was the subject of the order appealed was obtained by search and seizure and was suppressed before trial. State v. McPhadder, 452 So.2d 1017, 1018 (Fla. 1st DCA 1984). This Court quashed the decision of the district court, stating that we did "not agree that the evidence was obtained by search and seizure. The evidence at issue consisted of statements made by an informant on electronic recorded tapes which were suppressed because the informant was unavailable and could not be called at trial." 475 So.2d at 1216.
The district court below construed these three decisions to mean that "an order is appealable as involving an admission only if the statement is made  in whatever context  by the defendant himself, as in Palmore and Steinbrecher, but not when it is made vicariously through another party, even a co-perpetrator, as in McPhadder." 525 So.2d at 908 (footnote omitted). The district court, however, overlooks the fact that the out-of-court statement suppressed in McPhadder was made by an informant, not a co-conspirator or agent of the defendant. A statement made by an informant is not made by someone acting in concert with the defendant and does not fall within the class of statements which may be considered admissions. See, e.g., § 90.803(18), Fla. Stat. (1985).
We also agree with the state that if there were no right to appeal the suppression at issue under rule 9.140(c)(1)(B), the state would not be precluded from seeking common law certiorari review. The question certified by the district court was resolved in State v. Pettis, 520 So.2d 250 (Fla. 1988), which held that the state is not precluded from seeking review of interlocutory orders by common law certiorari. In view of Pettis, the rationale of McIntosh v. State, 496 So.2d 120 (Fla. 1986), is no longer viable.
Accordingly, we quash the decision below. We express no opinion on the issue of whether acquittal of the co-defendant on the ground of entrapment precludes introduction of the admissions of the acquitted party under section 90.803(18). We remand to the district court for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] "Whether the holdings in Jones v. State, [477 So.2d 566 (Fla. 1985)]; State v. G.P., [476 So.2d 1272 (Fla. 1985)]; and State v. C.C., [476 So.2d 144 (Fla. 1985)], preclude the state from seeking common law certiorari review of non-appealable interlocutory orders in criminal cases." State v. Arriagada, 508 So.2d 1247, 1248 (Fla. 3d DCA 1987), quashed, 518 So.2d 918 (Fla. 1988). "Whether the state is precluded from seeking common law certiorari review of nonappealable interlocutory orders in criminal cases." State v. Cecil, 508 So.2d 1249, 1250 (Fla. 3d DCA 1987), quashed, 518 So.2d 919 (Fla. 1988).
[2] Brea and Perez were originally co-defendants in an earlier trial in which the trial court granted Perez' motion for judgment of acquittal on the ground that his testimony established entrapment as a matter of law, due to the absence of any evidence that Perez was predisposed to commit the crime. After this ruling, Brea's motion for mistrial was granted by the trial court, in an abundance of caution.
[3] See § 90.803(18), Fla. Stat. (1985), setting forth a hearsay exception for admissions, where the availability of the declarant is immaterial, which defines the term as follows:

(18) ADMISSIONS.  A statement that is offered against a party and is:
(a) His own statement in either an individual or a representative capacity;
(b) A statement of which he has manifested his adoption or belief in its truth;
(c) A statement by a person specifically authorized by him to make a statement concerning the subject;
(d) A statement by his agent or servant concerning a matter within the scope of the agency or employment thereof, made during the existence of the relationship; or
(e) A statement by a person who was a coconspirator of the party during the course, and in furtherance, of the conspiracy.
See also Black's Law Dictionary 44 (5th ed. 1979), defining "admissions" as "statements by a party, or some one identified with him in legal interest, of the existence of a fact which is relevant to the cause of his adversary."