PER CURIAM.
The State of Florida appeals from an order of the trial court suppressing inculpa-tory statements made by appellee Cesáreo Brea’s alleged coconspirator. We reverse.
Brea was charged by information with trafficking in cocaine and conspiracy to traffic in cocaine. During the first trial of this cause, a codefendant, Perez, was acquitted of the same two charges upon the finding that his testimony established entrapment as a matter of law. The trial court, in an abundance of caution, granted Brea’s motion for mistrial.
In preparation for the new trial, Brea filed a motion in limine arguing that since Perez was acquitted, he was no longer a coconspirator and his tape recorded statements would no longer be admissible under section 90.803(18)(e), Florida Statutes (1985), the coconspirator exception to the hearsay rule. The trial court granted the motion and this appeal ensued.[1]
Appellee argues, in substance, that the acquittal of the coconspirator should preclude the use of the coconspirator’s statements against appellee; that the effect of the entrapment defense is to eliminate an essential element of the substantive crime of conspiracy, that of intent; and that the State should not be allowed to benefit from its wrongdoing vis-a-vis the coconspirator by proceeding against appellee. We disagree.
Brea’s initial error is in equating the coconspirator hearsay exception, an eviden-tiary principle, with conspiracy, a substantive crime. Conspiracy as a crime requires a finding of criminal intent and an agreement with one or more persons to cause a *955 crime to be committed. § 777.04(3), Fla. Stat. (1985). There is no requirement that the crime actually be committed. Intent and agreement are sufficient to charge a defendant with the crime of conspiracy. State v. Mena, 471 So.2d 1297 (Fla. 3d DCA 1985).
As noted in United States v. Trowery, 542 F.2d 623 (3d Cir.1976):
The coconspirator exception to the hearsay rule is ... merely a rule of evidence founded, to some extent, on concepts of agency law. It may be applied in both civil and criminal cases.... Its rationale is the common sense appreciation that a person who has authorized another to speak or to act to some joint end will be held responsible for what is later said or done by his agent, whether in his presence or not.
Id. at 626; United States v. Gil, 604 F.2d 546, 549 (7th Cir.1979).
This court has stated:
The admissibility of hearsay statements of coconspirators is not dependent upon the existence of a count charging conspiracy.... The admissibility of these statements depends, instead, on the rule of evidence which excepts such statements from the general rule which makes heársay inadmissible.... Thus, whether or not a conspiracy is charged, the threshold condition of admissibility of a coconspirator’s hearsay statement— proof independent of the statement that the defendant against whom the statement is sought to be introduced and the declarant participated together in a conspiracy — remains the same.
Tresvant v. State, 396 So.2d 733, 736-737 (Fla. 3d DCA), review denied, 408 So.2d 1096 (Fla.1981) (citations and footnote omitted); accord Romani v. State, 542 So.2d 984 (Fla.1989). In Tresvant the conspiracy count was found to be insufficiently pleaded and was dismissed. This court concluded that there was ample independent evidence of conspiracy so that the coconspirator hearsay statements were properly admitted with respect to the remaining substantive counts of the indictment. Id. at 736-41.
Appellee urges, however, that since the coconspirator was acquitted by reason of entrapment, this destroyed the foundation of the conspiracy, leaving appellee as the conspiracy’s sole member.[2] This contention was considered and rejected in United States v. Gil, 604 F.2d at 550:
The Government succeeded in showing by a clear preponderance of the evidence that Gil and Villegas agreed together to sell narcotics, and therefore Villegas’s statements, made during the pendency of and in furtherance of that agreement, are admissible against Gil. The subsequent determination that Villegas could not be punished for his part in the agreement, because of the conduct of the Government in inducing his participation in the crime, does not affect the determination of admissibility.
We likewise reject the defendant’s contention that as a matter of public policy we should exclude statements by cocon-spirators who have been entrapped, even though those statements implicate others who have not been affected by the Government’s misconduct. He urges that the Government should not be permitted to benefit in any way from its own improper conduct. We believe that the Supreme Court has made it clear that a defendant will not be permitted to invoke an exclusionary rule based on the Government’s violation of the rights of another, Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). Entrapment is a personal defense. In this case, Villegas was the object and victim of the Government’s misconduct, which did not affect Gil at all. We hold that public policy does not demand a special exclusionary rule be applied to benefit Gil.
The order under review is reversed and the case is remanded for further proceedings.

. We have this cause on remand from the Florida Supreme Court, which addressed the threshold issue of whether the State of Florida could seek appellate review of the pre-trial order. This court originally decided that it could not. State v. Brea, 525 So.2d 907 (Fla. 3d DCA 1987). The supreme court held that the State could obtain appellate review under Rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure. State v. Brea, 530 So.2d 924 (Fla.1988).

. Appellee does not contend that he was entrapped.