452 So.2d 1017 (1984)
STATE of Florida, Appellant,
v.
Clyde McPHADDER, Appellee.
No. AV-419.
District Court of Appeal of Florida, First District.
July 3, 1984.
Rehearing Denied July 26, 1984.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., for appellant.
Michael E. Allen, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellee.
WIGGINTON, Judge.
The state appeals the trial court's order striking statements made by an informant, Mae Campbell, on electronic recordings taped during three purported drug transactions in which appellee allegedly was present, on the ground that, due to her unavailability, informant Campbell would not be called as a witness by the state to testify at trial. We reverse.
*1018 We first address a jurisdictional question raised by appellee. Contrary to the contention of appellee, we find that pursuant to rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure, the state has properly raised its issue by appeal at this time. To preclude the state from bringing this appeal would undermine the rationale for the rule since the state would be unable to raise the question after trial if a verdict was entered in favor of appellee. The rule provides, in pertinent part:
(1) Appeals permitted. The state may appeal an order:
(A) * * *
(B) Suppressing before trial confessions, admissions or evidence obtained by search and seizure;
* * * (Emphasis supplied)
Although the question on appeal is not one involving a search and seizure issue, the evidence which was the subject of the order appealed was "obtained by search and seizure" and was suppressed before trial. Therefore, despite the procedural treatment of a similar appeal as a petition for writ of certiorari by our sister court in State v. Steinbrecher, 409 So.2d 510 (Fla. 3d DCA 1982), we find this question reviewable on direct appeal pursuant to rule 9.140(c)(1)(B).
Addressing the merits of the issue on appeal, the record indicates that prior to trial appellee moved to exclude the taped statements of Ms. Campbell on the ground that her statements are inadmissible hearsay since she will be unavailable at trial. However, the record shows that Ms. Campbell's statements were not being offered by the state to prove the truth of the matters she asserted thereon, but instead her statements were being presented into evidence for the purpose of showing that appellee engaged in the conversation with Ms. Campbell and took part in plans to supply illegal drugs to her. Therefore, her recorded statements are not hearsay and are admissible. See Breedlove v. State, 413 So.2d 1 (Fla. 1982). Another eyewitness to the transactions is available to the state to make an in court identification of appellee. Since the taped statements of Ms. Campbell are not excludable on the basis of a hearsay objection, the trial judge erred in suppressing them.
REVERSED.
MILLS and SHIVERS, JJ., concur.