# STATE OF FLORIDA v PEEK
## Case No. 85-254 AC
Eleventh Judicial Circuit, Appellate Division, Dade County

November 17, 1986

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Jack B. Ludin,** Assistant Attorney General, for appellant.

**Richard Essen,** for appellee.

Before SALMON, ROBINSON, KORNBLUM, JJ.

### OPINION OF THE COURT

MICHAEL H. SALMON, Judge.

The State filed a Notice of Appeal contesting a County Court order imposing sanctions which resulted in suppression of the State's evidence of a Breathalyzer and its results in its case against Appellee for several traffic violations. The suppression was the sanction imposed for the State's failure to comply with court orders to produce the Breathalyzer vials. Appellee challenges that this Court is without jurisdiction to consider the appeal because the matter is not one enumerated under the Florida Rules of Appellate Procedure 9.140. This Rule lists the only matters that may be appealed by the State.

This case appears to illustrate Rule 9.140(c)(1)(B) where the State has the right to appeal an order "suppressing before trial confessions, admissions or evidence obtained by search and seizure." However, this Rule has been interpreted to allow right of appeal only where the suppression results from the resolution of a search and seizure issue. In *State v. Eicher*, 430 So.2d 1009 (Fla. 3d DCA 1982), the defendants purchased stolen tools from undercover police who later illegally searched a house and seized the tools. The trial court issued an order denying admission of the State's evidence obtained both prior to and during the illegal search and seizure. An appeal was allowed because the issue raised in the trial court dealt with a search and seizure question: was the evidence obtained prior to the illegal search and seizure tainted and therefore subject to suppression? In *State v. Steinbrecher*, 409 So. 2d 510 (Fla. 3d DCA 1982), the challenged pretrial evidentiary ruling excluded tape recordings because they were unintelligible. No appeal was allowed because thee was no search and seizure issue addressed by the trial court.

The threshold consideration for a right of appeal in *McPhadder v. State*, 475 So.2d 1215 (Fla. 1985), *quashing* 452 So.2d 1017 (Fla. 1st DCA 1984), was whether the evidence which was the subject of the order appealed from was obtained by search and seizure. The wording of the opinion suggests that ultimately the order must reflect the resolution of a search and seizure issue. As phrased by the court,

> We do not agree that the evidence was obtained by search and seizure. The evidence at issue consisted of statements made by an informer on electronic recorded tapes which were suppressed because the informant was unavailable and could not be called at trial. *We see no search and seizure issue.*

475 So.2d at 1216 (emphasis added).

In the case *sub judice*, the suppression order did not result from the raising of a search and seizure issue. It was a sanction imposed because the State's witness disregarded court orders to produce evidence.

152

Appellant relies on *State v. Palmore*, 11 F.L.W. 194 (Fla. May 1, 1986), to illustrate an appeal allowed under Rule 9.140(c)(1)(B). In that case an appeal was allowed to challenge a pretrial suppression of *admissions* made by the defendant. The Rule clearly identifies a suppression of admissions as an order appealable by right. The *Palmore* opinion does not aid in interpreting that portion of the Rule which concerns the case before us.

Although Rule 9.140 limits matters which may be appealed by the State, it is not a bar to this court's discretionary review.[1] The requirements permitting certiorari jurisdiction are that the interlocutory order does not conform to essential requirements of law and may reasonably cause injury throughout subsequent proceedings for which there is no adequate remedy by appeal. *Combs v. State*, 436 So.2d 93 (Fla. 1983). We assume jurisdiction because the order, if upheld, might effectively preclude the State from presenting its case at trial and result in acquittal of the defendant. No remedy for the State would exist by way of appeal.

Before imposing a sanction against the State for the discovery violation, the trial court was required to conduct the hearing described in *Richardson v. State*, 246 So.2d 771 (Fla. 1971), to determine whether the noncompliance resulted in significant harm or prejudice to the defendant.

> [T]he court's discretion can be properly exercised *only after the court has made an adequate inquiry into all of the surrounding circumstances.* . . . Once the court has considered all of the circumstances, it has authority to enter such order as it deems just. Rule 1.220(g) CrPR. However, in those cases where the court determines that the state's noncompliance with the rule has not prejudiced the ability of the defendant to properly prepare for trial, we deem it essential that the circumstances establishing non-prejudice to the defendant affirmatively appear in the record.

246 So.2d at 775 (*quoting Ramirez v. State*, 241 So.2d 744 (Fla. 4th DCA 1970)). Where the State has shown that the defendant suffered no prejudice by the violation, no sanction may be imposed against the State. *State v. Del Gaudio*, 445 SO.2d 605, 611, (Fla. 3d DCA 1984).

The record presented to us is completely silent as to the existence of prejudice against the defendant. We therefore quash the order and remand this material to the trial court for proceedings consistent with this opinion.

---

[1] Fla. R. App. P. 9.040(c): If a party seeks an improper remedy the cause shall be treated as if the proper remedy had been sought.

STEVEN D. ROBINSON, Judge (dissenting).

In this appeal by the State, certiorari is not an alternative for the Court's consideration in light of *McIntosh v. State*, 11 FLW 434 (Fla. 1986) following *Jones v. State*, 477 So.2d 566 (Fla. 1985) and *State v. C.C.*, 476 So.2d 144 (Fla. 1985).

Even if these definite precedents did not apply, certiorari would not be appropriate in that the error complained of is not one to which the trial judge either lacked jurisdiction or departed from the essential requirements of law. There was no "inherent illegality, or irregularity, an abuse of power or act of judicial tyranny perpetuated with disregard of procedural requirements, resulting in a gross miscarriage of justice." *Jones* at 569 (Boyd, C.J., concurring specially). In other words, the sanction imposed by the trial court cannot be considered essential illegality as opposed to possible legal error.

Based on the foregoing, I would affirm the Order Imposing Sanctions.