516 So.2d 1139 (1987)
Destine DECILE, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1078.
District Court of Appeal of Florida, Fourth District.
December 23, 1987.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Jr., Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
GLICKSTEIN, Judge.
Having been charged by information, appellant was tried by jury, was found guilty of the sale or delivery of cocaine, and was sentenced to one (1) year in the Palm Beach County jail with credit for time served. He appeals. We affirm.
On June 7, 1986, Daniel Sargeant a police officer assigned to the narcotics division of the West Palm Beach Police Department, arranged for an undercover purchase of cocaine "rocks" from appellant. A confidential informant was used in the under cover purchase and was supplied $200.00 with which to purchase the cocaine rocks. A radio transmitter was placed on the informant so that his purchase could be monitored and he was then taken to a residence.
Appellant was sitting on the front porch of the residence when Officer Sargeant and the informant arrived. While Officer Sargeant remained in the unmarked police van the informant proceeded to where appellant was seated, spoke with him and then both men went inside the house. When the informant returned to the police van, he had no money on him but he had cocaine rocks in a plastic bag.
At trial, Officer Sargeant testified that he was monitoring the listening device during the transaction between the appellant and the informant. Over appellant's objection, the trial court allowed Officer Sargeant to testify that the following conversation took place between appellant and the informant:
He [informant] says, "I am here, I need eight."
He [appellant] says, "No problem, come inside, I get you rocks."
... .
[Informant] "Thank you, Mr. Decile, I will get back to you later."
Approximately one week after this drug transaction, appellant was arrested.
The issue on appeal is whether the trial court erred in overruling appellant's hearsay objection to testimony offered at trial. We conclude it did not for reasons revealed by our own research. We apologize for any "surprise" to the parties, who should feel free to question or comment upon our analysis by motion for rehearing or response thereto.
The appellant contends that the trial court erred in allowing Officer Sargeant to testify as to the statements he heard (over the listening device) the confidential informant make to the appellant as those statements were hearsay  out of court statements offered into evidence to prove the truth of the matter asserted therein. The State counters this contention by asserting that the subject statements were part of the res gestae of the offense and admissible *1140 pursuant to the spontaneous statement exception to the hearsay rule.
We disagree with the State's argument but conclude the result reached by the trial court was correct because the police officer's testimony regarding the statements he heard the confidential informant make to the appellant were properly admissible into evidence as "verbal acts." The subject statements served to prove the nature of the act as opposed to proving the truth of the alleged statements. 23 Fla.Jur.2d Evidence and Witnesses § 233 (1980). In Chacon v. State, 102 So.2d 578 (Fla. 1957), the Florida Supreme Court held that telephone conversations held by a police officer with persons placing bets while said officer was searching a home where gambling operations were suspected of taking place were admissible as evidence of a "verbal fact." In State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984), the First District Court of Appeal held that the taped statements of a confidential informant to a defendant charged with a narcotics violation were admissible as
the record shows that Ms. Campbell's [the informant's] statements were not being offered by the State to prove the truth of the matters she asserted thereon, but instead her statements were being presented into evidence for the purpose of showing that appellee [the defendant] engaged in the conversation with Ms. Campbell and took part in plans to supply illegal drugs to her. Therefore, her recorded statements are not hearsay and are admissible. See Breedlove v. State, 413 So.2d 1 (Fla. 1982).
Id. at 1018. Breedlove v. State, 413 So.2d 1 (Fla. 1982), is a case in which the Florida Supreme Court found that the testimony of police officers concerning what the mother and brother of a defendant in a murder prosecution had said was admissible as it was introduced to show the effect of the statements on the defendant rather than for the truth of the comments. Id. at 7.
DELL and GUNTHER, JJ., concur.