CAMPBELL, Chief Judge.
Appellant challenges his conviction for burglary and sexual battery. We affirm.
Appellant raises two points in his appeal. Neither has merit. In his first point, he argues that the alleged illegality of his arrest renders his subsequent admissions to law enforcement officers inadmissible. That issue was not raised in the trial court. There was no trial court motion to suppress *1220 and he did not object when the admissions were offered and admitted into evidence. Appellant’s failure to object and present the issue at trial waives this argument. In any event, there is no evidence in the record that supports appellant’s argument that he had been improperly detained at the time he made these admissions.
Appellant’s second point concerns an alleged discovery violation that occurred when the court allowed the testimony of certain witnesses who were not listed by the state in pretrial discovery. The record reflects, and appellant concedes, that the trial judge conducted a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), prior to admitting the testimony of the two witnesses. Appellant was not able to demonstrate that he was prejudiced by the state’s failure to previously disclose the names of the witnesses. No error has been demonstrated in the trial court ruling that resulted from the Richardson hearing.
Affirmed.
HALL and ALTENBERND, JJ., concur.