642 So.2d 828 (1994)
Robert Lee STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-02921.
District Court of Appeal of Florida, Second District.
September 23, 1994.
*829 Nick J. Sinardi, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Katherine V. Blanco, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Appellant was found guilty by a jury of delivery of cocaine within 1,000 feet of a school (§ 893.13(1)(e), Fla. Stat. (1991)), delivery of cocaine within 200 feet of a public housing facility (§ 893.13(1)(i), Fla. Stat. (1991)), and possession of cocaine (§ 893.13(1)(f), Fla. Stat. (1991)). He challenges his convictions on evidentiary and constitutional grounds. We find no merit in appellant's evidentiary argument, but agree with him that his conviction under section 893.13(1)(i) must be vacated since the Florida Supreme Court has held that statute unconstitutionally vague.
Appellant first argues that admission of his codefendant Hill's statement violated Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). However, the incident complained of could not be a Bruton violation. Bruton prohibits as hearsay the admission of a codefendant's confession or statement that implicates the defendant. The officer's testimony concerning Hill's statement here was not hearsay, however, since the testimony was not introduced for its truth, but to show its effect on appellant. It was properly admissible as verbal acts since it served to prove the nature of the act or transaction. See Decile v. State, 516 So.2d 1139 (Fla. 4th DCA 1987); Araujo v. State, 452 So.2d 54, 56 n. 4 (Fla. 3d DCA 1984). Contrast Harris v. State, 544 So.2d 322 (Fla. 4th DCA 1989). The officer was merely relating what he saw and heard to show that appellant participated in the offense. The complained-of testimony, based on the officer's presence at the scene, was as follows:
Okay. Basically he (Hill) asked what I needed, what was I looking for. I told him I was looking for a dime, that is $10 worth of cocaine. And then he asked me, "Powder?" And I said, "Sure if you have it but I only have $9." He says, "That's no problem." At that point 
... .
At which point he turned away from my car and he started walking to  there's a building right here and he met Mr. Stevens which was standing right here. As he was walking over to the car I heard him yell out "I need a dime" to Mr. Stevens in this direction.
... .
Okay. when Mr. Hill met Mr. Stevens, Mr. Hill was standing approximately right here side-by-side with Mr. Stevens. Um, I saw Mr. Stevens reach into his pocket, I don't  I'm not sure which one, and grab a whole bunch of plastic baggies; at which point he gave Mr. Hill one, put the rest back in his pocket, then Mr. Hill came back to me.
Clearly, Hill's yelling out, "I need a dime," was not offered for the truth (that Hill needed a dime), but to show that appellant was a participant and acknowledged Hill's statement by acting on it. Appellant's participation could not have been demonstrated any other way. Since the testimony was not offered for its truth, it is not hearsay, and cannot violated the Bruton rule. We, accordingly, affirm appellant's convictions for delivery of cocaine within 1,000 feet of a school and possession of cocaine.
We agree with appellant as to his second point, however. The Supreme Court has found section 893.13(1)(i) unconstitutionally void for vagueness. Brown v. State, 629 So.2d 841 (Fla. 1994). Accordingly, we vacate *830 appellant's conviction for delivery of cocaine within 200 feet of a public housing facility.
FRANK, C.J., and PARKER, J., concur.