GLICKSTEIN, Judge.
This appeal is from a conviction and sentence after a trial by jury on the charge of trafficking in cocaine in violation of section 893.135(l)(b)l.b., Florida Statutes (1993). We reverse and remand for new trial.
The issue on appeal is whether the trial court erroneously admitted harmful hearsay, over objection, then erroneously permitted the state to argue to the jury, without further objection, such hearsay to establish the credibility of a Cl not available for cross-examination.
Appellant contends that since his defense was entrapment, and since he testified that the Cl induced him into delivering cocaine in return for $200 and the use of the Cl’s car for fifteen days, the introduction of a taped phone call between appellant and the Cl into evidence over his hearsay objection requires a new trial. Appellant maintains that the following conversation between himself and the Cl:
[Cl]: What kind of car will you be in?
[Appellant]: A Nissan.
[Cl]: A Lincoln?
[Appellant]: Gray. A gray Nissan,
was inadmissible hearsay because it was an out-of-court statement offered to prove that the Cl did not know in what kind of car appellant would bring the cocaine. Thus, appellant claims that he should have been *914 presented with the opportunity to cross-examine the Cl to test the latter’s assertion that he did not know what car appellant would be driving.
The prosecutor, at closing, made it clear that Rafa, the Cl, should be believed — not appellant — when he argued as follows:
Let’s talk about his story. He says Rafa gave him the car for 15 days.
On the transcript, the agent told you that the first voice is the confidential informant on the initial phone call; the second voice is the defendant.
“Voice Number Two — Male Voice Number Two: Hey listen, at last. Do you want that?”
Sounds to me like he’s the seller.
Then, if Rafa, who is Male Voice Number One in here, gave him the car, why is he asking him, what kind of car are you driving. It’s a guy, obviously, with no car.
Rafa says, what kind of car will you be in?
Defendant: A Nissan.
Rafa says, a Lincoln?
No. Gray. A gray Nissan.
He doesn’t even know what type of car he’s driving.

He didn’t give him a car. That story’s untrue.

(Emphasis added).
On appeal, the state argues for the first time that the questioned conversation constituted “verbal acts,” not hearsay, which is totally inconsistent with the prosecutor’s closing argument.
Neither Decile v. State, 516 So.2d 1139 (Fla. 4th DCA 1987), nor its progenitor, Chacon v. State, 102 So.2d 578 (Fla.1957), support the state’s new position. In Chacon, the court said:
We move next to the contention of the appellants that the telephone conversations carried on by Deputy Sheriff Clifton with the various individuals who placed bets during the progress of the raid were inadmissible as being afflicted with the vice of hearsay. The trial judge took the view that these telephone conversations were a part of the res gestae and on that basis constituted an exception to the prohibitive provisions of the hearsay rule. Regardless of the reason given by the judge for admitting the testimony into evidence before the jury, we find that his ultimate ruling was correct. Our research has led us to many cases which we hereafter mentioned which hold that telephone conversations of this nature conducted by a law enforcement officer in the course of a raid and at the place being raided are admissible as evidence of a “verbal fact” going to prove the nature of the illegal business being conducted in the establishment as distinguished from evidence of the truth of any alleged fact that might have been announced in the course of the conversation. In other words, to illustrate the point in the instant case, it was alleged that the dwelling was being conducted as a gambling establishment. The ultimate fact to be proved was just that. In the course of the raid the deputy sheriff received ten or more telephone calls from people who placed bolita bets. The fact to be proved was not particularly who called or the truth of any particular fact that might have been stated. The ultimate fact was that people did call, they did place bets and that this constituted evidence that the place was being used for gambling purposes. It is on this theory that such telephone conversations have been consistently allowed in evidence by many courts. In fact we have found none to the contrary. They are admitted on the theory that they do not fall within the comprehension of the hearsay rule. They are not merely “exceptions” to the rule. The so-called hearsay rule just isn’t applicable.
Id. at 591 (citations omitted).
In Decile, we said:
At trial, Officer Sargeant testified that he was monitoring the listening device during the transaction between the appellant and the informant. Over appellant’s objection, the trial court allowed Officer Sar-geant to testify that the following conversation took place between appellant and the informant:
He [informant] says, “I am here, I need eight.” *915 He [appellant] says, “No problem, come inside, I get you rocks.”
[[Image here]]
[Informant] “Thank you, Mr. Decile, I will get back to you later.”
516 So.2d at 1139. We held the foregoing admissible as “verbal acts” evidence because the statements “served to prove the nature of the act as opposed to proving the truth of the alleged statements.” Id. at 1140. Here, just the opposite occurred. Because we conclude that the challenged statements were offered to establish the truth of the matter asserted, this was inadmissible hearsay rather than verbal act evidence.
STEVENSON, J., concurs.
SHAHOOD, J., dissents with opinion.