SHAHOOD, Judge,
dissenting.
I respectfully dissent. Section 90.801(l)(c), Florida Statutes (1993) (Evidence Code), defines hearsay as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.”
The classic example of inadmissiblé hearsay evidence, of course, is in-court evidence of a statement made by another out of court, when the statement is being offered as an assertion to show the truth of the matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter. On the other hand, if the point in issue is whether a statement was in fact made it is proper for a third party to testify himself as to what he overheard since his testimony would tend to prove only that what he heard was indeed said and not that what was said was true.
Lombardi v. Flaming Fountain, Inc., 327 So.2d 39, 40 (Fla. 2d DCA 1976) (footnote omitted) (italics in original).
Hearsay is generally inadmissible for three reasons: 1) the declarant does not testify under oath; 2) the trier of fact cannot observe the declarant’s demeanor; and 3) the declarant is not subject to cross-examination. State v. Freber, 366 So.2d 426, 427 (Fla.1978). “The hearsay rule does not prevent a witness from testifying as to what he has heard; it is rather a restriction on the proof of fact through extrajudicial statements.” Dutton v. Evans, 400 U.S. 74, 88, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970).
However, it is axiomatic that a statement which may be considered hearsay for one purpose may nonetheless be admissible if offered for another legitimate purpose. As stated by the supreme court in Breedlove v. State, 413 So.2d 1, 6 (Fla.), cert. denied, 459 U.S. 882, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982), “[m]erely because a statement is inadmissible for one purpose does not mean it is inadmissible for another purpose.” The supreme court continued to state, “The hearsay objection is unavailing when the inquiry is not directed to the truth of the words spoken, but, rather, to whether they were in fact spoken.” Id.
Following this axiom, this court in Decile v. State, 516 So.2d 1139 (Fla. 4th DCA 1987), held that statements made by a confidential informant to the defendant regarding a drug sale were properly admissible into evidence as “verbal acts.” This court concluded that, “[t]he subject statements served to prove the nature of the act as opposed to proving the truth of the alleged statements.” Id. at 1140. Likewise, in State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984), reversed on other grounds, 475 So.2d 1215 (Fla.1985), the First District Court of Appeal reversed an order of the trial court striking certain taped statements of a confidential informant made to a defendant charged with a narcotics violation. The trial court had excluded the taped statements of the informant on hearsay grounds. Reversing, the first district stated:
[T]he record shows that [the informant’s] statements were not being offered by the State to prove the truth of the matters she asserted thereon, but instead her statements were being presented into evidence for the purpose of showing that [the defendant] engaged in the conversation with [the informant] and took part in plans to supply illegal drugs to her. Therefore, her recorded statements are not hearsay and are admissible. See Breedlove v. State, 413 So.2d 1 (Fla.1982).
Id. at 1018; see also Decile, 516 So.2d at 1140.
*916 I disagree with the majority’s characterization of the taped statements as hearsay. As in Decile and McPhadder, the taped statements made by the Cl during his telephone conversation with appellant in the case at bar were admissible as they were not offered for the truth of the matters asserted therein. Rather, they were properly admitted into evidence as “verbal acts,” showing that appellant had spoken with the Cl and had participated in a plan to supply him with illegal drugs.
I would affirm the conviction and sentence.