755 So.2d 142 (2000)
Anthony BANKS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D98-4175.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
Rehearing Denied April 26, 2000.
Richard L. Jorandby, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ettie Feistmann, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Banks' conviction for delivery of cocaine. It was not error to allow a police officer to testify to certain out-of-court statements of a co-perpetrator made in the course of the offense.
Detective Roaden testified that she was working undercover and standing at a pay phone at a gas station when a car approached. Banks was the driver and Jeffrey Goodman was the passenger. Roaden was under surveillance by two other detectives located in a parked car. Goodman shouted for Roaden to come over to the car; Roaden complied and stood at the passenger window.
Goodman asked Roaden why she was waiting, and Roaden replied that she was waiting for a friend with some money. Goodman asked her what she needed. Before answering, Roaden asked Goodman if Banks "was straight up." Roaden explained to the jury that this is street parlance for someone who is "with the game plan or part of the business, or not the cops, wouldn't be susceptible to snitch out on you...." Goodman replied that Banks "was cool, he was okay, that he was with him." Shortly thereafter, Roaden stated that she was looking to purchase a fifty-cent piece, street parlance for fifty dollars *143 worth of crack cocaine. Roaden stated that at that time, she was leaning into the car through the front passenger window, and Banks was looking at her. Goodman told Roaden there was no problem and asked when her friend would arrive with the money.
Roaden went to make a telephone call. When she returned to the car, Goodman pointed out a police surveillance vehicle. Roaden told them that if they were uncomfortable, they could go somewhere else to do the deal. Roaden said that her friend would bring the money and that if it was okay with them (Banks and Goodman), she would meet them in an alleyway. Goodman said, "Okay, no problem, and that he would be back and meet me there." Banks then drove the car away.
Roaden went to the alleyway, and Banks drove up ten or fifteen minutes later with Goodman, again, in the passenger seat. They pulled up to Roaden, who stood at the passenger side of the car. Roaden testified that
Mr. Goodman said that he knew that I was straight up, that I was okay, and that him and Mr. Banks had had a discussion while they were gone about the undercover vehicle being across the street at the Amoco and that if they saw that vehicle again, then they would know that I was either the cops or a snitch or trying to set them up ... (emphasis added)
Goodman asked Roaden if she had the money; she answered yes and asked him if he had obtained the cocaine. Goodman replied affirmatively, then showed her the cocaine rock. Roaden handed Goodman fifty dollars. Roaden also asked the two men if she could get another piece the same size in about an hour, and Goodman replied "no problem." The conversation and transaction occurred while Banks silently listened and observed. Goodman did not testify.
During closing, the state argued:
A car drives up to her driven by Mr. Banks. He's present when ... Mr. Goodman ... starts talking about what is Roaden there for, and Roaden says to Goodman is he okay. Goodman says, yeah, he's cool, he's straight up.

Do you know what that means? (emphasis added).
Banks contends on appeal that the statements made by Goodman were inadmissible hearsay. We conclude, however, that Goodman's statements during the transaction, including his comments to the effect that Banks was "cool" and that he and Banks were concerned about whether Roaden was a snitch, were "verbal acts" not offered to prove the truth of the matter asserted and, therefore, not hearsay.
In Chacon v. State, 102 So.2d 578 (Fla. 1957), our supreme court held that a police officer who had conducted a raid on a gambling establishment was permitted to testify as to the statements made by individuals who phoned in during the raid to place bets. The court explained that the callers' statements were simply not hearsay as they were not offered for the truth of "any particular fact that may have been stated," but rather were evidence of a "`verbal fact' going to prove the nature of the illegal business being conducted in the establishment." Id. at 591.
In Decile v. State, 516 So.2d 1139 (Fla. 4th DCA 1987), a police officer electronically monitored a conversation between a confidential informant and the defendant wherein the informant told the defendant, "I am here, I need eight," and the defendant replied, "no problem, come inside, I get you rocks." At trial, the informant did not testify, but the police officer did. On appeal we held, following Chacon, that the police officer's testimony as to statements he heard the confidential informant make to the defendant were admissible as "verbal acts," which "served to prove the nature of the act as opposed to proving the truth of the alleged statements." Id. at 1140. In simpler terms, it was not important whether the informant actually "needed *144 eight," what was significant was Decile's verbal and non-verbal response and conduct after hearing that statement.
In Stevens v. State, 642 So.2d 828 (Fla. 2d DCA 1994), which is materially indistinguishable from the case at hand, an undercover police officer had a conversation with a man named Hill who asked him what he was looking for. The police officer responded that he was looking for a dime ($10 worth of cocaine). After some discussion regarding the type and price, Hill stated that there was no problem. The police officer then testified that Hill walked away and met up with Stevens; at that point the police officer heard Hill yell out to Stevens, "I need a dime." The police officer then stated he saw Stevens reach in his pocket, grab several baggies, give one to Hill, and put the rest back in his pocket. The court, citing Decile, held that Hill's statements to both the police officer and to Stevens were admissible as proof of the crime and Stevens' response thereto, not for the truth of any matter asserted. Similarly, in this case, Goodman's statements made in Banks presence, which Banks clearly heard and acted upon by driving to and from the scene of the buy, were verbal acts offered to prove the fact of the crime and Banks' participation therein. See also State v. McPhadder, 452 So.2d 1017 (Fla. 1st DCA 1984).
We recognize that Goodman's statement to the effect that Banks was part of the deal may be viewed as offered for the truth of the matter asserted, particularly in view of the state's closing argument. However, a statement's inadmissibility for one purpose does not preclude its admissibility for another. See Breedlove v. State, 413 So.2d 1 (Fla.1982).
To prove its case against Banks as a principal, the state was required to show that Banks did some act to assist Goodman in the commission of the crime; mere knowledge or presence at the scene are insufficient to establish participation. See Staten v. State, 519 So.2d 622 (Fla. 1988). Assistance consists of engaging in some act that assists the co-perpetrator in committing the crime. See T.B. v. State, 732 So.2d 1163 (Fla. 1st DCA 1999). The act of control of the vehicle in driving to and from the scene of the buy with knowledge of what was occurring is proof of Banks' assistance in the drug deal.
Banks' intent and active assistance is evidenced by Goodman's statements, with Banks looking on, which set up the deal and Banks' response by driving them to the location indicated for the transaction to take place. As the statement was properly admitted as a verbal act, the state's creative use of the admissible testimony in its argument does not impact upon the issue of admissibility.
We further deem Aneiro v. State, 674 So.2d 913 (Fla. 4th DCA 1996), where the out of court statement of confidential informant was offered for the truth of the matter asserted, inapposite.
We, therefore, affirm Banks' conviction for delivery of cocaine and sentence entered thereon.
DELL and TAYLOR, JJ., concur.