WHATLEY, Judge.
In this appeal of his conviction of possession of cocaine pursuant to a plea, Safari McElroy argues that the trial court erred in denying his dispositive motion in limine to exclude the alleged hearsay statements of his codefendant, Marquita Kendrick, to a confidential informant (CI). We agree and reverse.
The CI set up a buy of crack cocaine from Kendrick at a location in Tampa. Kendrick was to call the CI when she got onto the bridge to Tampa from Pinellas County. When Kendrick called the CI, she advised him of the participation of McElroy. McElroy sought to exclude any testimony by the CI about what Kendrick said regarding him because Kendrick had recanted her out-of-court statements and was maintaining that McElroy had no knowledge of the deal. McElroy asserted that without the CI’s testimony regarding Kendrick’s statements to him concerning McElroy, the State could not prove McElroy’s participation. At the hearing on the motion in limine, the CI testified that Kendrick advised him, “ ‘Look, I got it, but I’m *64 not coming alone because Chuck,[1] he don’t want me to make the whole deal. He wants to make a hundred of it, too.’ ” The Cl stated that Kendrick also said, “ ‘Look I want to make sure you got this right. There ain’t going to be no games or nothing, right? Chuck here says if anything goes wrong, he got his gun right here in the car. He ain’t going down like that.’ ”
The trial court ruled that the statements by Kendrick were verbal acts and not hearsay, referring to Arguelles v. State, 842 So.2d 939 (Fla. 4th DCA 2003), and its reliance on Banks v. State, 790 So.2d 1094, 1098 (Fla.2001). Consequently, it denied McElroy’s motion in limine.
In Banks, the supreme court explained verbal act evidence as follows:
A verbal act is an utterance of an operative fact that gives rise to legal consequences. Verbal acts, also known as statements of legal consequence, are not hearsay, because the statement is admitted merely to show that it was actually made, not to prove the truth of what was asserted in it.
For utterances to be admissible as verbal acts, (1) the conduct to be characterized by the words must be independently material to the issue; (2) the conduct must be equivocal; (3) the words must aid in giving legal significance to the conduct; and (4) the words must accompany the conduct.
Id. at 1097-98 (citations omitted).
The Banks court cited Stevens v. State, 642 So.2d 828 (Fla. 2d DCA 1994), as providing an example of the proper admission of verbal act evidence. In that case, an officer testified that he told Stevens’ codefendant, Hill, that he was looking for a dime, which is $10 worth of cocaine. The officer testified that after they discussed type and price, Hill stated to Stevens that he needed a dime. This court held that testimony was admissible as verbal act because it served to prove the nature of the subsequent action by Stevens of reaching in his pocket, retrieving a plastic baggie, and giving it to Hill.
The supreme court held that the testimony in Banks, by contrast, was inadmissible hearsay. The officer in that case testified that the codefendant told her that Banks was “cool” and “straight up,” which she said meant that he was “ ‘with the game plan or part of the business, or not the cops, wouldn’t be susceptible to snitch out on you.’” 790 So.2d at 1096. The officer also testified that the codefendant told her that he and Banks were concerned that she may be a snitch. The supreme court held that the officer’s statements “did not serve to explain the nature of the act or transaction, but rather directly implicated Banks in the transaction.” Id. at 1098. The court also noted that the State could not “point to any purpose for the admission of these statements other than for the truth of the matter asserted therein.” Id.; see Arguelles, 842 So.2d at 943 (holding that while some of objected-to statements were admissible as verbal acts because they were part of the transaction, the statements that Arguelles was the middleman, that the money belonged to Arg-uelles or another man who was present, and that the declarant could not have brought the money alone were hearsay statements because they were offered for the truth of the matter asserted).
The present case is like Banks— the Cl’s testimony that Kendrick told him that McElroy would be with her because he wanted to make some money off of the *65 deal and that he had a gun that he would use if anything went wrong did not serve to explain the nature of the transaction or McElroy’s actions. It served only to prove the truth of the matter asserted, that McElroy was a participant.
The State argues that the statements are also admissible under the cocon-spirator exception to the hearsay rule.[2] But at the hearing on the motion in limine, the State asserted that the statements at issue were not hearsay, they were verbal acts. The only argument it presented for admissibility of the statements was as verbal acts. Because the State did not assert the coconspirator exception to the hearsay rule in the trial court, it may not assert that exception in this court. See Norris v. State, 554 So.2d 1219 (Fla. 2d DCA 1990).
Accordingly, the trial court having erred in denying the dispositive motion in limine, we reverse McElroy’s conviction for possession of cocaine and remand with directions to discharge him.
Reversed and remanded with directions.
KELLY and WALLACE, JJ„ Concur.

. McElroy was the only other person in the vehicle when Kendrick arrived at the agreed-upon location.

. One of the counts with which McElroy was originally charged was conspiracy to deliver cocaine.